Johnson, J.
This petition was filed by the attorney-general in obedience to the following joint resolution of the general assembly, passed April 17, 1882 (79 Ohio L. 246) :
“ Joint resolution, directing the attorney-general to institute a suit in quo warranto.
“ Whereas, A special act entitled ‘ an act to establish a police force in the city of Xenia,’ passed March 25, 1880 (77 Ohio L. 850), withdrew from that city all the police powers vested in it by the general laws for cities of its grade (sections 2023-2030 revised statutes), and lodged them in a board of police commissioners appointed by the court of common pleas of Greene county ; abolished the office of marshal of the said city, without repealing the general law (section 1707, revised statutes), which provides that ‘the officers of a city of the second class shall consist of a mayor, marshal,’ etc.; and authorized the payment of salaries to the said police force out of the general fund of the city, and also the levy of a tax *457 for sucli payment other than and additional to that provided for by the general law (section 2683, clause 21, revised statutes) ; and
“ Whereas, This special act raises constitutional questions whose judicial settlement would be of great value to the general assembly — namely :
“(1) Whether, while ‘the general assembly shall pass no special act conferring corporate powers,’ it may pass a special act withdrawing corporate powers ;
“ (2) Whether, while a city must be organized by general laws (Cons. Art. XIII. section 6), it may be or would be disorganized by a special law through the abolition of one or more of its organic offices;
“ (3) Whether a tax already levied and collected by a municipal corporation for one purpose can be diverted to another by a special act of the general assembly; and
“ (4) Whether the conferring, by special act, of a power of taxation on a municipal corporation other than and additional to that authorized by the general laws comes within the inhibition of section 1 of article XIII. of the constitution; therefore,
“ ResoT/oed by the General Assembly of the State of Ohio, That the attorney-general is hereby directed to institute a proper action in quo warranto against the police commissioners appointed under the said special act, inquiring by what authority they hold their offices or trusts, and to procure, if practicable and as soon as practicable, a decision of the supreme court on the several constitutional questions herein suggested.
“ Isaac N. Hathaway,

Speedier pro tern, of the Souse of Representatives.

R. G-. Richards,
Passed April 17, 1882. President of die Senate.”
The object of this resolution, as well as of the petition in this case is, to inquire by what authority the defendants are assuming to act as police commissioners of the city of Xenia. It is claimed, that the act of March 25, 1880 (77 Ohio L. 350), to establish a police force in said city, is unconstitutional; and *458 hence that defendants are usurping their offices. The defendants allege, that they have been duly appointed and qualified, and are acting as such officers under authority conferred by said act. To this defense the state demurs, and the issue thus presented, involves the validity of the above named act, which in terms authorizes the appointment of a police board for said city, and vests in such board the general police powers of cities of that class. It is a special act, and applies to the city of Xenia only. It authorizes the court of common pleas of Greene county to appoint three commissioners, in whom are vested the power to appoint, control and discipline the police force of said city, and to make rules for their own government, have.an organization, keep records, hold regular meetings, appoint a chief of police and his subordinates and fix their compensation. The powers, which by law were vested in the city marshal, were transferred to the members of the police force so appointed, and the office of marshal was abolished. Section 7 of the act requires the city-council to levy and certify annually to the county auditor a tax not exceeding one mill on the dollar, to defray the salaries and expenses of the new police force, to be collected as other taxes, and provides that until a revenue is derived from this source, the salaries of the force are to be paid out of the general fund of the city.
The joint resolution, in obedience to which this action is commenced, is preceded by a preamble which recites that “ this special act raises several constitutional questions whose judicial settlement would be of great value to the general assembly.”
The questions suggested in the preamble, and on which the attorney-general is directed to procure a decision of the supreme court as soon as practicable, are four in number, the first and second of which involve the validity of those provisions of the act conferring upon the police commissioners the police powers of the city of Xenia, and withdrawing that city from the provisions of the general statutes governing like municipal corporations. The third and fourth questions involve the validity of the provisions of the 7th section, relating to the levy of a tax to pay the salaries of the new force, and to the temporary *459 use of the general fund for that purpose until the tax can be collected.
It is only so far as these several questions are involved in the determination of the title to the offices in question that this court is authorized to answer them. It is by the organic law a court of limited original jurisdiction. By Article IY. section 2, its original jurisdiction is expressly limited to quo wa/rranto, mandamus, habeas corpus, and procedendo. The sole office of a judicial proceeding by quo wa/rranto in such a case is to inquire by what authority these defendants are exercising the functions of police commissioners. A decision on any of the questions suggested, not necessary to a determination of the right of defendants to exercise these functions, would not be a judicial settlement of such questions, but would be without authority conferred by the constitution to make it. To be a judicial settlement the question decided must arise in a judicial proceeding, properly before a court of competent jurisdiction. The division of the powers of the state into legislative, executive and judicial, and the confiding of these powers to distinct departments, is fundamental.
.It is essential to the harmonious working of this system that neither of these departments should encroach on the powers of the other. If the judiciary were to assume to decide hypothetical questions of law not involved in a judicial proceeding in a cause before it, even though the decision “ would be of great value to the general assembly ” in the discharge of its duties, it would, nevertheless, be an unwarranted interference with the functions of the legislative department that would be unauthorized, and dangerous in its tendency. ‘ Not only this, but it would be an attempt to settle questions of law inyolving the rights of persons without parties before it, or a case to be decided in due course of law, thus violating that provision of the Bill of Rights which declares 'that every person shall have a remedy for an injury done him by due course of law. Const, art. 1, § 16.
In some of the states, Massachusetts included, the constitution authorizes the legislature and the governor to require of their highest judicial tribunal its opinion on important questions of law, the decision of which become necessary to the *460 discharge of their public duties. Even under such a provision the judiciary must confine itself to an opinion on such questions as are involved in or necessary to the discharge of a public duty by the inquiring body. This power does not include the right to require an opinion on abstract or hypothetical questions however valuable as a future guide, nor to such questions as affect private rights merely. Opinion of the Sup. Ct., Mass., 122 Mass. 600; Id., 126 Mass. 557.
The third and fourth questions suggested by the joint resolution are not involved in the issue before us. They are: 1st, whether that provision of the 7th section which authorizes the city council to use the general fund of the city to pay the salaries of the new force until funds can be realized from the special levy is valid; and, 2d, whether the power to make this special levy is valid.
It is claimed that these provisions are the conferring of corporate power by special act within the inhibition of section 1, article XIII., of the constitution.
The solution of this question is not involved in the case at bar. We may concede, for the purposes of this case, that the whole of section 7 is unconstitutional, and yet those provisions creating the board of police commissioners would not be affected.
The authority of the police board does not depend upon the power of the city council to levy this tax, nor to their temporarily using the general fund of the city until collections can be made of the special tax.
Again, no case is made for invoking judicial action on the powers conferred upon the city council by section 7. For aught that appears this section has been treated as null and void.
It is not asserted, either in the joint resolution or in the petition, that the city council has ever attempted to exercise either of the powers conferred by section 7. "When such an attempt is made, the law furnishes an ample remedy, if the section is invalid. That remedy is not by quo warranto against the police commissioners, but by a proper action against the city council or those engaged in the levying and collecting the *461 tax. In this matter the police commissioners have no power, nor are they charged with any duty.
The first and second questions suggested by the resolution are, however, involved in this proceeding. They are the same in substance as were considered and decided in State ex rel. Attorney General v. Covington, 29 Ohio St. 102; where the power of the legislature to create such a board was directly presented. That case arose under an act to regulate the police force of Cincinnati (13 Ohio L. 10). The provisions of that act were substantially the same as the one now before us. Like this, it was a special act. The same constitutional objections were made to it, as are urged against this.
That act had similar jorovisions as to the appointment and powers of the commissioners and of the force under their control, and also as to raising money to defray expenses and salaries as this has. Its provisions, like the act before us, created a police board, and clothed it with power over the police; and it was held not to be a law of a general nature, nor one conferring corporate powers, nor in conflict with any clause of the constitution relied on here. That case was ably argued and maturely considered. It covers the whole ground. We see no reason to re-examine these questions.
As to the validity of the provisions of section 7 of this act no case is made, requiring judicial settlement, and the same was true in the Oovington ease under that act. The demurrer to the answer is overruled.

Judgment for defendants.