Boston, March 7, 1877.

---

## ANSWER OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

The object of c. 3, art. 2, of the Constitution of Massachusetts, by which "each branch of the Legislature, as well as the Governor and Council, shall have authority to require the opinions of the Justices of the Supreme Judicial Court, upon important questions of law and upon solemn occasions," is to enable the advice of the judges to be obtained upon any important question of law which the body making the inquiry has occasion to consider in the exercise of the legislative or executive powers intrusted to it; but not upon a question which may arise in the course of judicial administration, and which cannot be affected by legislative or executive action.

The Justices of the Supreme Judicial Court prayed to be excused from giving an opinion to the House of Representatives upon the following questions: "First. Is a special justice of a municipal, district or police court such a judge as the eighth article of amendment to the Constitution declares shall not have a seat in the House of Representatives? Second. If the first question is answered in the affirmative does the acceptance of the legislative vacate the judicial office?"

ON May 8, 1877, the following order was passed by the House of Representatives, and on May 10 transmitted by the Speaker to the Justices of the Supreme Judicial Court, who on May 14 returned the subjoined answer.

Ordered, that the opinion of the Justices of the Supreme Judicial Court be requested upon the following questions of law, viz. :

First. Is a special justice of a municipal, district or police court such a judge as the eighth article of amendment to the Constitution declares shall not have a seat in the House of Representatives ?

Second. If the first question is answered in the affirmative, does the acceptance of the legislative vacate the judicial office ?

The undersigned, Justices of the Supreme Judicial Court, having taken into consideration the order passed by the Honorable House of Representatives on the eighth, and transmitted to them on the tenth day of the present month, respectfully submit the following answer :

The eighth article of amendment of the Constitution of the Commonwealth declares that "no judge of any court of this Commonwealth (except the court of sessions) shall, at the same time, hold the office of Governor, Lieutenant-governor, or councillor, or have a seat in the Senate or House of Representatives of this Commonwealth."

The inquiry proposed by the Honorable House, in the form of two successive questions, is in substance but one, namely, whether, by the effect of this provision of the Constitution, a special justice of a municipal, district or police court vacates his judicial office by accepting a seat in the House of Representatives.

The Constitution authorizes each branch of the Legislature, as well as the Governor and Council, to require the opinions of the Justices of the Supreme Judicial Court "upon important questions of law and upon solemn occasions."

The object of this clause appears to us to be to enable the Senate, the House of Representatives, or the Governor and Council, to obtain the advice of the Justices upon any important question of law which the body making the inquiry has occa-

sion to consider in the exercise of the legislative or executive powers intrusted to them respectively.

In view of the separation, established by the Constitution, between the legislative, the executive and the judicial departments of the government, we can hardly suppose it to have been the intention that either the legislative or the executive should demand of the judiciary its opinion, in advance, upon a question which may arise in the course of judicial administration, and which cannot be affected by legislative or executive action.

Without undertaking to define the limits of the authority to require opinions from the judges, or to enumerate all the cases in which this authority has been exercised and recognized, we would refer in a general way to some of the more familiar ones, as illustrating the scope of the constitutional provision.

Opinions have been given, when required by the Governor and Council, upon questions of law affecting the constitution of the Council; or involved in the exercise of the power of the Governor to veto bills or resolves; of the power vested in him as commander-in-chief of the militia; of his power, with the advice of the Council, to appoint or remove public officers, to pardon offences, or to issue warrants for the execution of capital sentences; or in the discharge of duties imposed upon the Governor and Council by statute, such as issuing warrants for the payment of claims against the Commonwealth, or canvassing returns of votes for public officers.

Opinions have been given to the Senate, or to the House of Representatives, upon the construction and effect of the Constitution, and of existing statutes, with a view to further legislation; upon questions whether a bill has been so laid before the Governor as to become a law by lapse of time without his approval; upon questions relating to the votes for Governor and Lieutenant-governor, which are directed by the Constitution to be counted by the Senate and House of Representatives; or to the election of councillors, while such election was required by the Constitution to be made by the two Houses; or to the election, returns or qualifications of senators or representatives, of which the Senate and the House respectively are the final judges.

In two instances, in 1844 and in 1852, in which questions as to the legal effect of a contract, created by statute, between the

Commonwealth and a private corporation, were proposed by the House of Representatives and the Senate respectively, apparently with a view to further legislation, Chief Justice Shaw and his associates gave opinions with some hesitation, saying: " As the questions, on the face of them, seem to involve a controverted question of right between the Commonwealth and a private corporation, a question apparently and peculiarly fit to be decided in a regular course of judicial proceeding, we had doubts, at the first view of the subject, whether it was a case coming within the intent of the Constitution, pursuant to which questions of law are to be proposed; and whether it might not be expedient first to submit to the consideration of the Honorable House, whether it would be expedient to request an *ex parte* opinion in such a case. Our doubt was this: As we have no means, in such case, of summoning the parties adversely interested before us, or of inquiring, in a judicial course of proceeding, into the facts upon which the controverted right depends, nor of hearing counsel to set forth and vindicate their respective views of the law, such an opinion, without notice to the parties, would be contrary to the plain dictates of justice, if such an opinion could be considered as having the force of a judgment, binding on the rights of parties." *

The question now referred to us does not regard the construction or effect of any statute, or of any contract with the Commonwealth, or any matter which can be affected by legislation. It depends upon a provision of the Constitution, which, so far as it applies, operates by its own force. The question does not purport to relate to the election or qualifications of a member of the House of Representatives. But the question is whether a certain judicial officer, by accepting a seat in the House, vacates his judicial office. This appears to us to be not a legislative, but a judicial question, which cannot be definitively or justly decided without trial and argument.

At the recent session of the full court in the county of Suffolk, it was adjudged that a person, once duly commissioned and qualified as a special justice of a police court, who continued publicly to exercise the office after being elected and admitted

* *Opinions of Justices*, 5 Met. 596; 9 Cush. 604.

to a seat in the House of Representatives, was, if not a justice *de jure*, a justice *de facto ;* and that the validity of his acts as such could not be contested in a summary manner upon a writ of habeas corpus, by a person whom he had sentenced to imprisonment; but only upon a suit against him, either by information on behalf of the Commonwealth, or by action by the person injured.* It is within the official authority of the attorney general to file such an information, and it is the constitutional right of the party to bring such an action. The court may therefore be called upon at any time to determine the question in a judicial proceeding, in which any opinion now expressed would not bind the court or the parties.

For the reasons thus briefly and imperfectly stated, the Justices of the Supreme Judicial Court, (except Mr. Justice Colt, whom there has been no opportunity to consult,) with great deference and respect to the Honorable House of Representatives, pray to be excused from further consideration of the subject, until it shall have been presented and argued by counsel in the ordinary course of the administration of justice.

HORACE GRAY.
SETH AMES.
MARCUS MORTON.
WILLIAM C. ENDICOTT.
OTIS P. LORD.
AUGUSTUS L. SOULE.

Boston, May 14, 1877.†

---

* *Sheehan's case, ante,* 445.

† This answer, upon being received by the House of Representatives, was placed on file and printed with the documents of the House, and no further action was taken in the matter.