# SUPPLEMENT.

## ANSWER OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

The Justices of the Supreme Judicial Court declined to give an opinion to the House of Representatives upon the following questions: First. What is the meaning of the words, " or if such child has been otherwise furnished for a like period of time with the means of education," as they are used in the Pub. Sts. c. 47, § 1, — and especially, are the words quoted to be construed to mean that such education shall include the branches required to be taught in the public schools by the Pub. Sts. c. 44, § 1, and the St. of 1885, c. 332 ? Second. Is the instruction given in a private day school, not approved by the school committee of a city or town in which a person resides, who has under his control a child between the ages of eight and fourteen years, " the means of education," within the meaning of the Pub. Sts. c. 47, § 1 ? Third. Do the words, " when the teaching therein is in the English language," as they occur in the Pub. Sts. c. 47, § 2, mean that all the teaching in such school shall be in the English language, or only the teaching in such branches as are required by law ?

THE following order was passed by the House of Representatives on April 19, 1889, and thereupon transmitted to the Justices of the Supreme Judicial Court, who, on May 4, 1889, returned the answer which is subjoined.

Ordered, That the opinion of the Justices of the Supreme Judicial Court be required upon the following important questions of law, namely :

First. What is the meaning of the words, " or if such child has been otherwise furnished for a like period of time with the means of education," as they are used in section one of chapter forty-seven of the Public Statutes, — and especially, are the words quoted to be construed to mean that such education shall include the branches required to be taught in the public schools by section one of chapter forty-four of the Public Statutes, and chapter three hundred and thirty-two of the Acts of the year eighteen hundred and eighty-five ?

Second. Is the instruction given in a private day school, not approved by the school committee of a city or town in which a person resides, who has under his control a child between the ages of eight and fourteen years, " the means of education " within the meaning of section one of said chapter forty-seven ?

Third. Do the words, " when the teaching therein is in the English language," as they occur in section two of said chapter forty-seven, mean that all the teaching in such school shall be in the English language, or only the teaching in such branches as are required by law ?

And be it further ordered, that the Justices of the Supreme Judicial Court be informed that the foregoing questions are propounded with a view to further legislation on the subject matter of the statutes therein referred to.

To the Honorable the House of Representatives of the Commonwealth of Massachusetts.

The Justices of the Supreme Judicial Court have considered the questions proposed by the Honorable House by its order of April 19, 1889, and respectfully submit the following answer:

The Constitution provides that " each branch of the Legislature, as well as the Governor and Council, shall have authority to require the opinions of the Justices of the Supreme Judicial Court upon important questions of law and upon solemn occasions." The separation of the executive, legislative, and judicial departments of the government, established by the Constitution, in effect prohibits the Justices from giving any opinions to the other departments for the purpose of influencing their action, except in cases which fall within the clause above cited.

The duty of the Justices in determining whether questions proposed to them by the other branches of the government fall within the true intent and meaning of this provision is some-. times a delicate and embarrassing one. The embarrassment is the greater when the opinion required concerns private rights. The reasons are well stated in an opinion of the Justices heretofore given to the House of Representatives: " As we have no means in such case of summoning the parties adversely interested before us, or of inquiring in a judicial course of proceeding into the facts upon which the controverted right depends,

nor of hearing counsel to set forth and vindicate their respective views of the law, such an opinion, without notice to the parties, would be contrary to the plain dictates of justice, if such an opinion could be considered as having the force of a judgment, binding on the rights of parties." *

These remarks are of especial force where our opinion is asked as to the construction of a statute, the violation of which exposes the citizen to a penalty. Although such an opinion has not the force of an adjudication, yet it is, in a sense, a pre-judgment of the question proposed, and would usually be followed by the subordinate judicial officers of the Commonwealth ; and any inhabitant interested in the question might well feel that his rights had been impaired by it without giving him an opportunity to be heard.

These considerations have led us to examine with care the intent of the constitutional provision above cited, and the extent and limitations of the authority therein conferred upon the executive and legislative departments to require the opinions of the Justices.

Such opinions can be required only " upon important questions of law and upon solemn occasions." Can it be held that this provision contemplates that the opinion of the Justices can be required by either branch of the Legislature, whenever its members have doubts as to the construction of an existing statute, and it would be convenient for them to know the true construction in order to determine whether it were wise to make any amendment of the statute? If such had been the intention of the framers of the Constitution, authority would have been given to require the opinion of the Justices upon any question of law. Such questions are constantly arising in the ordinary course of legislation, and they are provided for by the statute which directs the Attorney General, when required by either branch of the General Court, to attend during its sessions, and to " give his opinion upon questions of law submitted to him by either branch of the General Court, or by the Governor and Council." †

By a solemn occasion, the Constitution means some serious and unusual exigency. It has been held to be such an exigency

---

* Opinion of Justices, 5 Met. 597.            † Pub. Sts. c. 17, § 7.

when the Governor or either branch of the Legislature, having some action in view, has serious doubts as to their power and authority to take such action, under the Constitution, or under existing statutes.   In a former opinion it is said that " Opinions have been given to the Senate or to the House of Representatives, upon the construction and effect of the Constitution and of existing statutes, with a view to further legislation."*   This is a correct but a very general statement, and was not intended as a definition of the occasions which would justify requiring the opinion of the Justices.   In a late opinion, it is said, " The opinions of the Justices can be required only ' upon important questions of law,' not upon questions of fact, ' and upon solemn occasions '; that is to say, when such questions of law are necessary to be determined by the body making the inquiry, in the exercise of the legislative or executive power entrusted to it by the Constitution and laws of the Commonwealth." †   This is more nearly an accurate statement of the meaning of the Constitution, as applied to a case like the one before us.   It is very difficult to frame any definition which will fully cover every case which may arise.

The general practical interpretation of the Constitution, since it was established, is of importance in ascertaining its meaning. Many opinions of the Justices have been required and given, but it is found upon examination that they were given in cases where the branch of the government requiring the opinion had pending before it some question concerning which doubts existed as to its power and authority, or as to the power of some subordinate officer under the Constitution, or under existing statutes, and where the settlement of such doubt was necessary to enable it, in the exercise of its proper functions, to act legally and intelligently upon the pending question.   No case is found similar to the one before us, and we are of opinion that this is not a case in which, by a reasonable construction of the Constitution, we should be justified in answering the questions proposed by the House. They relate solely to the construction of the first and second sections of the forty-seventh chapter of the Public Statutes.

* Answer of Justices, 122 Mass. 602.
† Opinion of Justices, 126 Mass. 566.

There is no doubt whatever as to the power of the House to pass any bill, within the limits of the Constitution, which it sees fit, in amendment or alteration of these sections.   Our opinion, if given, would not in any way affect the power of the House to repeal these sections, or to amend them, or declare the meaning of them, if there is doubt about the meaning.   Whatever it might be, the House might still think that it was its duty to make such changes as a majority of its members think are necessary, in order that the intention of the Legislature should be clearly expressed.

The only exigency which seems to exist for requiring our opinion is that members of the House differ in their views as to the construction of the statute, and, if our opinion is given, it may affect the views of some members as to the necessity or propriety of amending it.   As we have before said, this is not an unusual exigency, and does not create or present a solemn occasion within the fair meaning of the Constitution, so that we can properly give an *ex parte* opinion upon the construction of the statute in question.

For these reasons, imperfectly stated, we respectfully beg to be excused from further answering the questions proposed by the House.*

We desire to add that the Justices have been engaged in holding sittings of the court in different parts of the Commonwealth, so that an earlier answer was not practicable.

MARCUS MORTON.
WALBRIDGE A. FIELD.
CHARLES DEVENS.
WILLIAM ALLEN.
CHARLES ALLEN.
OLIVER WENDELL HOLMES, JR.
MARCUS P. KNOWLTON.

Boston, May 4, 1889.

---

* This answer, upon being received by the House of Representatives, was referred to its Committee on the Judiciary, who, on May 15, 1889, submitted a report to the House, and the House thereupon passed a resolve affirming its authority, under the Constitution, to require the opinion of the Justices upon the questions submitted, which resolve was printed with the documents of the House.