## ANSWER OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

The Justices of the Supreme Judicial Court declined to give an opinion to the House of Representatives upon the following question: Have towns and cities in the Commonwealth the power under existing laws to manufacture gas or electric light for use in the public streets and buildings in such cities and towns, or for sale to the citizens of such cities and towns?

The following order was passed by the House of Representatives on May 27, 1890, and thereupon transmitted to the Justices of the Supreme Judicial Court, who, on June 4, 1890, returned the answer which is subjoined.

---

* This bill was passed by the House, but was referred by the Senate to the next General Court.

Ordered, That the opinion of the Justices of the Supreme Judicial Court be required upon the following important question of law :

Have towns and cities in the Commonwealth the power under existing laws to manufacture gas or electric light for use in the public streets and buildings in such cities and towns, or for sale to the citizens of such cities and towns ?

To the Honorable the House of Representatives of the Commonwealth of Massachusetts :

The Justices of the Supreme Judicial Court have considered the question proposed by the Honorable House by its order of May 27, 1890, which was received on May 29, 1890, and respectfully submit the following answer. .

On May 27, 1890, we submitted to the House our opinion upon the constitutional right of the Legislature to authorize cities and towns to manufacture gas or electric light for use in the public streets and buildings and for sale to the inhabitants. In our opinion, the Legislature has the right to alter, amend, repeal, or declare the meaning of the existing statutes concerning the powers of cities and towns, and to enact new statutes which shall clearly confer upon cities and towns the power mentioned in the question now proposed. This question concerns only the construction of the existing statutes. We are not officially informed whether any city or town in the Commonwealth has assumed the exercise of the power referred to, or intends to assume it. If this has been done, it is probable that expenditures have been made, debts incurred, and taxes assessed, the legality of which it may be necessary hereafter judicially to determine. The provisions by which the matter may be investigated when a city or town votes, or is deemed by its citizens to have voted, to raise by taxation or pledge of its credit, or to pay from its treasury, any money for purposes other than those for which it has the legal right and power, are ample, and such as are readily initiated, and on proper suit or petition such right and power may be promptly determined.*

While any opinion which might be rendered by us in response

* Pub. Sts. c. 27, § 129.

to the requirement of the House would not have the force of an adjudication, it necessarily could not be given without a consideration of questions which might fundamentally affect the rights of individuals, as such rights might be involved in the exercise by cities or towns of any assumed power to manufacture gas or electric light for either of the purposes mentioned. To pass upon, if not dispose of, such questions when no opportunity of a hearing could reasonably be offered to those interested in the expenditures made, the debts incurred, or the taxes levied, would be attended with much risk of mistake, and would be felt by them as the deprivation of a well established right. It is true, that, if it is our constitutional duty to answer the question proposed by the House, we ought not to refrain from doing so because the opinion expressed might bear upon matters of judicial inquiry to be determined hereafter, and thus incidentally affect the rights of those not now before us. But in considering what the duty is which we owe to the House, its extent and limitations, the method in which it is to be performed, and the construction to be attributed to the constitutional provision, it is proper to observe how others than the House may be affected thereby. The Constitution provides that "each branch of the Legislature, as well as the Governor and Council, shall have authority to require the opinions of the Justices of the Supreme Judicial Court upon important questions of law and upon solemn occasions." *

In the opinion of the Justices given to the House on May 4, 1889, † the meaning of this constitutional provision was the subject of careful consideration, and the extent and limitations of the authority therein conferred upon the executive and legislative departments were fully discussed. The opinion then required related to the construction of a statute the violation of which exposed the offender to a penalty. We were then of opinion that this constitutional provision did not contemplate that the opinion of the Justices could be required by either branch of the Legislature whenever its members might have doubts as to the construction of an existing statute, and when it would be

---

* Const. Mass., Part II. Chap. III. Sect. IV. Art. II.
† Answer of the Justices, 148 Mass. 623.

convenient for them to know the true construction in order to determine whether it were wise to make any amendment of the statute. It is there said: " The only exigency which seems to exist for requiring our opinion is that members of the House differ in their views as to the construction of the statute, and, if our opinion is given, it may affect the views of some members as to the necessity or propriety of amending it. As we have before said, this is not an unusual exigency, and does not create or present a solemn occasion within the fair meaning of the Constitution, so that we can properly give an *ex parte* opinion upon the construction of the statute in question." *

We are unable to distinguish the question now presented to us, so far as our duty to answer it is concerned, from those then considered. It would be superfluous to repeat or restate the reasons so recently given for the result at which we then arrived. The order now transmitted to us does not state why the opinion of the Justices is required, but we cannot perceive that any reason therefor exists, except that arising from different views of members of the House as to the construction of existing statutes, which it is in the power of the Legislature to alter, amend, or repeal at its pleasure. An opinion rendered on the construction of such statutes might seriously, even if indirectly, affect private rights, and the occasion does not appear to us to be one of those contemplated by the Constitution. While it is our duty to render opinions in all those cases in which either branch of the Legislature or the Governor and Council may properly require them, it is not the less our duty, in view of the careful separation of the executive, legislative, and judicial departments of the government, to abstain from doing so in any case which does not fall within the constitutional clause relating thereto.

It is with sincere regret that we find ourselves unable to concur in the view which the House, in requiring an answer to the question proposed by this order, apparently entertains of our duty on this subject. That all questions of law, such as those arising in the ordinary administration of justice, or those actually affecting a pending suit or trial, are not embraced within the constitutional clause would be, we presume, conceded by all.

---

* Answer of the Justices, 148 Mass. 627.

In determining whether questions are included in it, the rights and duties of the House and of the Justices are co-ordinate and reciprocal. The House is undoubtedly authorized to require an opinion on all such questions as it deems to be embraced in the constitutional provision, but it must be for the Justices to determine whether the requirement thus made is in conformity therewith, and one which they are bound to obey. If it were otherwise, the construction of the provision would be left entirely to the House, or to the other bodies empowered to make similar requirements. We do not doubt that the House has exercised the power confided to it, with the fullest regard to what it holds to be its duty. We shall always pay great respect to its judgment that a proper occasion has arisen for the exercise of its power in this regard ; we have done so in considering the question submitted to us by this order. On the other hand, we cannot surrender our own judgment to that of the House, or of the other bodies entitled to require our answer to questions proposed by them, but must for ourselves finally decide whether the occasion contemplated by the Constitution in which our opinion may properly be required has arisen.

As we think a case is not presented which is contemplated by the Constitution, — since the question proposed affects only the construction of existing statutes, which the Legislature can amend or repeal as it sees fit, — since, if the power referred to has been assumed in the past, the rights of towns or of individuals may have become involved, and may be 'hereafter the subjects of judicial determination, — and since no exigency is suggested beyond that which may arise at any time with reference to any statutory provisions, — we must request to be excused from further answering the question proposed by the House.

MARCUS MORTON.<br>
WALBRIDGE A. FIELD.<br>
CHARLES DEVENS.<br>
WILLIAM ALLEN.<br>
CHARLES ALLEN.<br>
OLIVER WENDELL HOLMES, JR.<br>
MARCUS P. KNOWLTON.

Boston, June 4, 1890.