## OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

The question, whether a previous act of the Legislature purporting to have been passed over a veto of the Governor, the validity of which has been questioned by a board of public officers to whose duties it relates, was approved by such a vote as is required by c. 1, § 1, art. 2, of the Constitution of the Commonwealth, does not relate to the performance by the Legislature of their official duties in regard to a matter pending when the question is asked, and therefore is not a question which under c. 3, art. 2, of the Constitution it is the duty of the Justices to answer when addressed to them by the House of Representatives.

THE following order was passed by the House of Representatives on April 24, 1911, and on April 27, 1911, was transmitted to the Justices of the Supreme Judicial Court. On April 28, 1911, the Justices returned the answer which is subjoined.

WHEREAS, An Act entitled " An Act relative to qualifications for examination by the Civil Service Commission " was enacted by the General Court of Massachusetts at its present session, and was laid before His Excellency the Governor for his revisal; and

WHEREAS, Said act was returned to the House of Representatives, in which branch it originated, with the objections of the Governor thereto in writing; and, after reconsideration, was declared passed by the House of Representatives, notwithstanding said objections, 155 members having voted in the affirmative and 51 members in the negative; and the bill, together with the objections, was sent to the Senate and was there agreed to by two-thirds of said Senate, — all in accordance with Chapter 1, Section 1, Article II, Part the Second, of the Constitution of Massachusetts; and

WHEREAS, The Civil Service Commission, whose authority is affected by the passage of said act, has raised the question of its legality, on the ground that less than two-thirds of the entire membership of the House of Representatives voted to pass the bill, notwithstanding the objections of His Excellency the Governor; therefore be it

ORDERED, That the Justices of the Supreme Judicial Court be required to give to the House of Representatives their opinion upon the following important question of law:

Do the provisions of Chapter 1, Section 1, Article II, Part the Second, of the Constitution of Massachusetts require, in order to pass a bill or a resolve over the veto of the Governor, that there shall be an affirmative vote of two-thirds of the entire membership of the branch of the General Court in which the bill or resolve originated, or is an affirmative vote of two-thirds of the members present in the branch in which the bill or resolve originated sufficient?

To the Honorable the House of Representatives of the Commonwealth of Massachusetts:

We, the Justices of the Supreme Judicial Court, have received the question upon which our opinion is required, a copy of which is hereto annexed.

Under the Constitution of Massachusetts the Justices of the Supreme Judicial Court are required to give opinions to each branch of the Legislature only "upon important questions of law, and upon solemn occasions."

It sometimes has happened that opinions have been required when the nature of the questions or the importance of the occasion has not been such as to justify the Justices in exercising the power conferred upon them by the clause of the Constitution under which the questions were put. For some of these occasions see 122 Mass. 600; 148 Mass. 623; 150 Mass. 598. The reasons for declining to act have been stated at length at different times.

In *Opinion of the Justices*, 186 Mass. 603, 608, after a brief discussion of the subject, it is said that we ought to answer "only so far as our opinion is desired as an aid in the performance of official duties in regard to a matter then pending." The same rule is also discussed and reaffirmed in *Opinion of the Justices*, 190 Mass. 611, 612, which relates to questions similar to that now before us.

In the present order we discover nothing that shows any action or proceeding now pending before the House of Representatives which makes an answer to the question important for its guidance or constitutes this a solemn occasion. The fact that the Civil Service Commission has raised a question as to the legality of the act is no sufficient reason for invoking the ex-

ercise of this extraordinary power under limited constitutional authority.

We therefore respectfully ask to be excused from answering the question.

> MARCUS P. KNOWLTON.
> JAMES M. MORTON.
> JOHN W. HAMMOND.
> WILLIAM CALEB LORING.
> HENRY K. BRALEY.
> HENRY N. SHELDON.
> ARTHUR PRENTICE RUGG.