### ANSWER OF THE JUSTICES TO THE COUNCIL.

Without considering whether under c. 3, art. 2 of the Constitution the Council without the concurrence of the Governor may require the opinions of the Justices, the Justices declined to answer a question addressed to them by the Council where it did not appear to what, if any, pending matter the question related.

ON May 1, 1912, the following order was adopted by the Council and on May 2, 1912, was transmitted to the Justices of the Supreme Judicial Court. On May 31, 1912, the Justices returned the answer which is subjoined.

ORDERED, That the opinion of the Justices of the Supreme Judicial Court be required upon the following important question of law:

When the law calls for action "by the Governor and Council," is the Governor to concur with a majority of the Council in order to make its decisions effective, or is he to be considered a member of the deciding body, with one vote?

To the Honorable Council:

Your question under date of May 1, 1912, is this: "When the law calls for action 'by the Governor and Council,' is the Governor

to concur with a majority of the Council in order to make its decisions effective, or is he to be considered a member of the deciding body with one vote?"

The requirement of the Constitution is that the Justices of the Supreme Judicial Court give opinions to the Governor and Council "upon important questions of law, and upon solemn occasions." This provision has been construed to mean that such opinions may be required only respecting pending matters in order that assistance may be gained in the performance of a present duty. *Opinions of the Justices*, 186 Mass. 603, 608; 190 Mass. 611, 612. It has been customary for the specific pending matter to be stated or referred to in the inquiry, to the end that a more intelligent and helpful answer be given than otherwise would be possible. It is apparent that the requirement for such opinions is to be somewhat sparingly exercised. This is obvious from the phrase of the Constitution as well as from the practice which has grown up under it. It is not as to any question of law that the requisition may be made, but only upon "important questions of law." The Legislature has made ample provision for the advice by the Attorney General as to usual legal difficulties presenting themselves either to the House of Representatives or to the Senate or to the Governor and Council. R. L. c. 7, § 8, as amended by St. 1908, c. 586. It is impossible to determine from your question whether the pending matter is of such a character that we ought to answer. *Opinions of the Justices*, 122 Mass. 600; 148 Mass. 623; 150 Mass. 598; 208 Mass. 614. We are of opinion that under these circumstances, and without considering whether under the Constitution the Council alone without the concurrence of the Governor may require the opinion of the Justices, we must ask respectfully to be excused from answering the question.

ARTHUR P. RUGG.
JAMES M. MORTON.
JOHN W. HAMMOND.
WILLIAM CALEB LORING.
HENRY K. BRALEY.
HENRY N. SHELDON.
CHARLES A. DECOURCY.