# SUPPLEMENT.

### Answer of the Justices to the Senate and the House of Representatives.

Under c. 3, art. 2 of the Constitution the opinions of the Justices of the Supreme Judicial Court are not required to be given in answer to questions, contained in a joint order of the Senate and the House of Representatives adopted in response to a message of the Governor, which in substance call for an exposition of the Constitution so far as it relates to the powers of taxation without referring to any specific proposal of legislation.

On April 23, 1914, the following order was adopted by the House of Representatives and on the same day was adopted in concurrence by the Senate. On April 29, 1914, the order was transmitted to the Justices of the Supreme Judicial Court, who on May 28, 1914, returned the answer which is subjoined.

Ordered, That the opinion of the Justices of the Supreme Judicial Court be required by the General Court upon the following questions of law:

First. Can the General Court exempt from the general property tax the following described property:

(*a*) Stock of foreign corporations, the property, capital stock or franchises of which are subject to taxation where situated, or where the corporation is organized, or the properties of which are situated within foreign jurisdictions, or the franchises of which are taxed in this State in proportion to the business done here;

(*b*) Stock of foreign corporations with respect to which a valid excise, duty, or stamp tax has been levied by this Commonwealth;

(*c*) Bonds and notes secured by property which is subject to taxation where situated, or by property which is located within a foreign jurisdiction or the value of which is based upon such property;

(*d*) Bonds and notes with respect to which a valid excise, duty, or stamp tax has been levied by this Commonwealth?

Second. Can the General Court impose an excise upon the issue by corporations holding charters from this Commonwealth of bonds or notes, or upon the annual or periodic registration by an agent of the Commonwealth of such bonds or notes?

Third. Can the General Court grant to the owners or holders (*a*) of such stock or (*b*) of such bonds and notes as are referred to in the first question, the privilege of registering them with an agent of the Commonwealth, and of establishing the right to and securing an exemption of such stock, bonds, or notes from the general property tax, by filing with such agent satisfactory evidence of the existence or continuance of the conditions referred to in such question, and can it impose an excise upon such privilege either in the form of a single payment or of a periodic charge?

Fourth. Can the General Court impose a duty or an excise on the income derived during any given period from the following classes of property, respectively: — (*a*) all personal property, (*b*) all intangible personal property, (*c*) bonds, notes and other debts, or (*d*) stock of corporations?

Fifth. Can the General Court impose a duty or an excise on the use of transferable paper writings as symbols or evidences (*a*) of ownership of shares of foreign corporations or of associations or (*b*) of the indebtedness of corporations, associations, or individuals?

Sixth. Can the General Court impose a stamp duty or tax upon transferable paper writings such as stock certificates or bonds or notes, payable at the time of the issue thereof or periodically; and can it deny to the owners of such writings recognition of the nature and effect of such writings as property or as evidences of ownership, or the right to transfer or pledge the same or the property represented thereby unless bearing the required stamp?

AND BE IT FURTHER ORDERED, That the Justices of the Supreme Judicial Court be informed that the foregoing questions are put with a view to legislation upon the subjects therein mentioned, and that for their information a copy of House document No. 2512, being a message from the Governor of the Commonwealth upon the subjects mentioned in the foregoing questions, be transmitted to the Justices.

House document No. 2512, containing a message from the Governor, which was transmitted to the Justices with the foregoing order, was as follows:

HOUSE DOCUMENT No. 2512.

The Commonwealth of Massachusetts.

Executive Department, Boston, April 22, 1914.

To the Honorable Senate and House of Representatives.

I have already called to your attention the very unsatisfactory condition of our tax laws, and have urged upon you the necessity of either changing those laws, or providing for their stricter enforcement. Our tax laws are at present disproportionate, unjust and ineffective.

It has been generally assumed that the powers of the General Court under the present constitution are so limited that our system of taxation cannot be materially changed without an amendment to our State Constitution. If so, the community must submit to a delay of three years at least before any satisfactory remedy for our serious problems can be enacted into law. Many persons who have given this subject careful study believe that there is reason to question the validity of this assumption, and that the powers conferred upon the General Court by the organic law are considerably wider than has commonly been supposed.

This view as to your powers is confirmed, in part by the language used by the Supreme Judicial Court, in response to the inquiry addressed to the Court by your honorable body with reference to the constitutionality of the so-called three mill tax, 195 Mass. 607. In that opinion the Court stated that in giving their decision against the constitutionality of that proposed law they did not consider whether the whole or any part of the intangible property referred to in the question which you then propounded to the Court could be altogether exempted from taxation to avoid double taxation or for other justifiable reasons, and that they did not intimate that this could not be done. In part also from the fact that the constitutionality of several such duties or excises seems to be strongly indicated by the opinion of the Court delivered in response to your inquiry as to the validity

of a transfer tax on certificates of stock, etc., 196 Mass. 603. If this is so, the Legislature already possesses wholly adequate powers to remedy the present injustice and inequality, and to avert the injury to our prosperity which seems impending.

At the same time it is obviously undesirable to enact any laws which purport to alter the tax laws substantially in accordance with these suggestions without learning definitely in advance whether they lie within your powers. I therefore recommend that you submit to the Supreme Judicial Court the following questions with a view to determining as exactly as may be the limits of your authority under the taxation provisions of our constitution and for the purpose of finding out whether our present very serious situation may not be cured without the delays incident to the amendment of the organic law. To obtain the opinion of the Supreme Judicial Court on these questions will in no way commit the individual members of the Legislature or the Legislature as a body to any form of legislation, but will simply define the constitutional rights of the Legislature and assist in formulating such legislation as may be deemed necessary to reform present inequalities in our tax system.

DAVID I. WALSH.

The questions appended to the message of the Governor were those included in the foregoing order as printed above.

To the Honorable the Senate and the House of Representatives of the Commonwealth of Massachusetts:

We, the Justices of the Supreme Judicial Court, have considered the questions in your joint order of April 23, 1914, sent to us on April 29, 1914, and submit the following reply:

When the questions were received some of us had doubts whether, in view of their nature and the circumstances under which they were presented, we properly could express an opinion. Without pausing to decide that point we took up the questions with a view to submitting our answers, but the difficulties disclosed in framing answers to comprehend the many possible aspects of the several inquiries and to set forth all the limitations to which they may be subject, so as to be a practical aid in shaping legislation and not to be misleading and embarrassing in the future, have

confirmed these doubts and have been so great as to compel an examination of the extent of the duty to give opinions imposed on us by the Constitution. A strong desire to respond to questions of the legislative and executive departments of government seeking a definition of their several powers ought not to lead us to be incautious in exceeding the limitations imposed on our own powers.

It is always with a feeling of delicacy that this question is considered, but it is our manifest duty to consider it when the occasion demands it. Numerous instances have arisen where the Justices have not felt justified in giving opinions because beyond the power conferred by the Constitution. As was said in an *Opinion of the Justices*, 150 Mass. 598, at page 601: "It is not the less our duty, in view of the careful separation of the executive, legislative, and judicial departments of the government, to abstain from doing so [giving opinions] in any case which does not fall within the constitutional clause relating thereto." The same thought was expressed in *Opinion of the Justices*, 214 Mass. 602, 603, where it was said respecting the giving of advisory opinions by the Justices: "The Constitution not only limits their duty but bounds their right to express opinions. By travelling outside these bounds injustice might be done to private litigants and to public interests."

The Constitution, by c. 3, art. 2, empowers each branch of the Legislature and the Governor and Council "to require the opinions of the Justices of the Supreme Judicial Court, upon important questions of law, and upon solemn occasions." Plainly your joint order presents important questions of law. But it is equally plain that it was not the purpose of the Constitution to require the giving of opinions upon purely theoretical questions of law or those which have no bearing upon a present constitutional duty awaiting performance by the executive department or by the General Court. A desire for information as to abstract legal propositions affords no ground for requiring an opinion of the Justices. In *Opinion of the Justices*, 122 Mass. 600, at pages 601, 602, it was said that the object of the Constitution was "to enable the Senate, the House of Representatives, or the Governor and Council, to obtain the advice of the Justices upon any important question of law which the body making the in-

quiry has occasion to consider in the exercise of the legislative
or executive powers intrusted to them respectively." The right
to require and the duty to render opinions exists only "upon
solemn occasions." These words were defined in *Opinion of the
Justices*, 126 Mass. 557, 566, as meaning "when such questions
of law are necessary to be determined by the body making the
inquiry, in the exercise of the legislative or executive power en-
trusted to it by the Constitution and laws of the Commonwealth."
These principles were reiterated in the *Opinion of the Justices*,
148 Mass. 623, and it further was said at page 626, "Many opin-
ions of the Justices have been required and given, but it is found
upon examination that they were given in cases where the branch
of the government requiring the opinion had pending before it
some question concerning which doubts existed as to its power
and authority, or as to the power of some subordinate officer
under the Constitution, or under existing statutes, and where
the settlement of such doubt was necessary to enable it, in the
exercise of its proper functions, to act legally and intelligently
upon the pending question." Similar statements may be found
in *Opinions of the Justices*, 186 Mass. 603, 608; 190 Mass. 611, 612;
208 Mass. 614; 211 Mass. 630. This interpretation is founded in
practical wisdom. More intelligent and useful answers can be
given when the precise line of proposed conduct is disclosed touch-
ing which the questions are asked. Commonly a copy of the
pending bill with respect to which the question or questions have
been asked has accompanied the order requiring the opinion.

Your joint order calls in substance for an exposition of the Con-
stitution relating to the powers of taxation. It includes several
distinct main subjects and a large number of subsidiary and col-
lateral inquiries. It does not refer to any specific legislation. It
transmits a copy of a message from his Excellency the Governor,
wherein it is said that your attention has been called to the "un-
satisfactory condition of our tax laws" and "the necessity of
either changing those laws, or providing for their stricter enforce-
ment." Recommendation then is made that the questions con-
tained in the joint order be submitted to the Justices with a view
to determining the constitutional limits of the legislative taxing
power, concluding with the suggestion that "to obtain the opin-
ion of the Supreme Judicial Court on these questions will in

no way commit the individual members of the Legislature or the Legislature as a body to any form of legislation, but will simply define the constitutional rights of the Legislature and assist in formulating such legislation as may be deemed necessary to reform present inequalities in our tax system." The inference from the terms of the joint order and the message from his Excellency the Governor appears to be that there is no definite plan of change in the tax law under serious consideration by the General Court, but that there is simply a desire to ascertain the scope of the taxing powers conferred by the Constitution with a view to framing legislation in the future, if such course should be deemed wise. A "solemn occasion" as those words are used in the Constitution does not seem to have arisen. There does not appear to be present legislation proposed to which attention has been gravely directed. The General Court need not have decided to enact a particular bill before the opinion of the Justices in regard to the exercise of the legislative power can be required. But a definite enactment to a specific end must be under serious consideration before it can be said that a "solemn occasion" has been presented within the meaning of those words in the Constitution. An academic discussion of constitutional principles upon a subject so fundamental as that of taxation cannot be required. Preliminary investigation by the Justices of a governmental function involving many practical considerations of policy without the formulation of a definite plan for a proposed statute is not within the duty ascribed to them.

We feel constrained to advise that under these conditions the clause in the Constitution requiring us to give opinions is not operative, and respectfully ask to be excused from answering the questions.

ARTHUR P. RUGG.
JOHN W. HAMMOND.
WILLIAM CALEB LORING.
HENRY K. BRALEY.
HENRY N. SHELDON.
CHARLES A. DE COURCY.
JOHN C. CROSBY.