# OPINIONS OF THE JUSTICES.

## OPINION OF THE JUSTICES TO THE SENATE.

*General Court. Constitutional Law,* General court, Opinions of the Justices, Separation of powers of government. *Contempt. Massachusetts Development and Industrial Commission. Public Officer.*

The opinions of the Justices might be required by the Senate in answer to important questions of law as to a subject matter respecting which an order was pending before the Senate for action and respecting which the Senate asserted there was grave doubt of its power to act.

The Senate has the power to summon witnesses to give testimony or produce documents pertinent to a matter under investigation by it, and to punish for contempt a witness who when before it refuses without lawful excuse to testify or produce documents.

A report on industrial and other conditions in Massachusetts obtained by the Massachusetts development and industrial commission was a proper subject of examination by the Senate as pertinent to bills pending before the General Court which would affect the burdens imposed on Massachusetts employers by the employment security law and the rates of income taxes imposed on residents of Massachusetts.

Neither art. 30 of the Declaration of Rights of the Massachusetts Constitution, nor art. 66 of the Amendments, nor G. L. (Ter. Ed.) c. 23, § 11D, as inserted by St. 1937, c. 427, and amended by St. 1950, c. 652, prevented the Senate from properly demanding that a member of the Massachusetts development and industrial commission, when before the Senate as a witness, produce for its examination a report on industrial and other conditions in Massachusetts obtained by the commission and in his possession and pertinent to the subject matter of bills pending before the General Court, or furnished the witness with a valid excuse for a deliberate refusal to produce such report, or precluded the Senate's holding him in contempt of it by reason of such refusal.

On November 14, 1951, the Justices submitted the following answers to questions propounded to them by the Senate.

To the Honorable the Senate of the Commonwealth of Massachusetts:

The undersigned Justices of the Supreme Judicial Court respectfully submit these answers to the questions set forth in an order adopted by the Senate on October 30, 1951, and

transmitted to the Justices on November 1. With the order were transmitted certain bills pending before the General Court. A copy of the order is attached hereto.

The facts pertinent to the questions are stated in recitals contained in the order and are in substance these: The Massachusetts development and industrial commission, established by G. L. (Ter. Ed.) c. 23, § 11B, as inserted by St. 1937, c. 427, employed the New York marketing firm of Fessenden S. Blanchard to make a survey and report concerning industrial and other conditions in this Commonwealth and received six copies of this firm's report on or about August 1, 1951. On October 9, pursuant to an order of the Senate, a subpoena was issued by the President of the Senate summoning the members of the commission, including John J. DelMonte, to appear before the Senate at 11 A.M. on October 16 and from day to day thereafter and to bring with them and produce certain papers and documents, including the Blanchard report or a copy thereof, and to answer such questions as might be asked of them. On October 17 DelMonte appeared before the Senate and in testimony under oath stated that he had in his possession all six copies of the report but refused to produce any of the copies. He stated that his refusal was not based upon any claim of personal privilege or individual constitutional right but was based upon his conception of his duties as commissioner which he had sworn faithfully to perform under the Constitution and statutes of the Commonwealth; that the Legislature may not attempt to interfere with action taken by the executive department, which includes the department of labor and industries and the Massachusetts development and industrial commission set up therein; that by art. 66 of the Amendments to the Constitution the relationship between the Legislature and the departments in the executive branch is constitutionally defined; that under G. L. (Ter. Ed.) c. 23, § 11D, as inserted by St. 1937, c. 427, and amended by St. 1950, c. 652, the only report which the Legislature has required the commission to make to the General Court is "an annual report to the governor

and the general court"; that the request of the Senate that
the Blanchard report in the possession of the commission
be produced "and thereby made public" was in direct dis-
regard of the law which created the commission and pre-
scribed its powers and the extent to which it was subject to
the supervision prescribed by the Legislature; that he was
"compelled to the conclusion that the Legislature cannot
constitutionally interfere with the executive work of . . .
[his] department, and if the legislature cannot, certainly
one branch cannot"; and that "it is in entire and continu-
ous respect for . . . [the Senate] that I keep inviolate my
solemn oath to uphold the Constitution which forbids the
interference with the executive department by the legislative
department."

The bills referred to in the order as pending before the
General Court involved respectively numerous proposed
changes in the employment security law affecting the bur-
dens imposed by that law upon Massachusetts employers
and changes in the rates of income taxation to be imposed
upon Massachusetts residents. The order transmitted to
us recites that "It is purported that said Blanchard report
may contain information which would be material and of
aid to the General Court in legislating on the subjects of
taxation and employment security." It is further stated
in the order transmitted to us that there is pending before the
Senate for adoption an order providing that said DelMonte
be adjudged in contempt of the Senate and that he be
brought before the bar of the Senate to be informed of his
contempt and to receive such censure or other punishment
as the Senate may have ordered. It is stated in the order
transmitted to us that grave doubt exists as to the power of
the Senate to require DelMonte and the other members of
the commission to produce the Blanchard report or a copy
thereof and of the power of the Senate to cite DelMonte for
contempt and to punish or censure him. It also appears
from the order transmitted to us that on September 17 (be-
fore DelMonte appeared before the Senate on October 17)

the Massachusetts development and industrial commission had voted to refer the data submitted to it by Fessenden S. Blanchard to the dean of the Harvard School of Business Administration with the request that he form a committee chosen from universities in the vicinity "to review said data together with the Council of economic advisers," report on the New England economy and "any other data which they feel relevant to have," and that they be requested to furnish the commission with such collation of these and other relevant data as would enable the commission to discharge its statutory duty of furnishing the annual report to the Governor and the General Court of its findings as to the competitive position of Massachusetts industry.

The questions propounded to us are these:

"1. Would it be violative of Article XXX of the Declaration of Rights for the Senate to demand the production of the Blanchard report or a copy thereof from

"A.   John J. DelMonte, or from

"B.   Any other member of the Massachusetts Development and Industrial Commission?

"2. Would it be violative of Article 66 of the Amendments to the Constitution for the Senate to demand the production of the Blanchard report from

"A.   John J. DelMonte, or from

"B.   Any other member of the Massachusetts Development and Industrial Commission?

"3. Does St. 1950, chapter 652, justify John J. DelMonte in refusing to produce a copy of said Blanchard report?

"4. Does the oath of office taken by said John J. DelMonte justify him in refusing to produce a copy of said report when demanded by the Senate?

"5. May the Senate find that the action of said John J. DelMonte in refusing to produce at the bar of the Senate a copy of the Blanchard report is violative of Constitution Part II, Chapter 1, Section III, Articles X and XI?

"6. May the Senate, notwithstanding the vote at the meeting of September seventeenth to turn the report over

to Professor Teele, require Mr. DelMonte to produce the
report?

"7. May the Senate find that the action of said John J.
DelMonte in refusing to produce at the bar of the Senate
a copy of the Blanchard report is violative of a lawful
order of the Senate and of its inherent powers as a legis-
lative body?"

Although the relevant circumstances and the questions
presented are of a somewhat unusual nature, the facts that
an order is actually pending before the Senate for action
involving important questions of law as to the constitu-
tional power of the Senate relative to the subject matter of
the questions; that answers to the questions will determine
the power of the Senate to act upon the order pending
before it; and that the Senate asserts that there is grave
doubt as to such power, present a solemn occasion upon
which opinions of the Justices may be required under c. 3,
art. 2, of the Constitution. *Opinion of the Justices,* 126
Mass. 557, particularly at page 566. *Answer of the Justices,*
148 Mass. 623, 625–626. *Answer of the Justices,* 217 Mass.
607, 611–612. *Opinion of the Justices,* 269 Mass. 611, 618.
*Opinion of the Justices,* 314 Mass. 767, 770–772, and cita-
tions therein. It is therefore our duty to answer the ques-
tions.

The clew to the answers can be found in the express
provisions of the Constitution itself and in decisions apply-
ing those provisions. Chapter 1, § 3, art. 10, of the Con-
stitution reads in part, "They [the House of Representa-
tives] shall have authority to punish by imprisonment,
every person, not a member, who shall be guilty of disrespect
to the house, by any disorderly, or contemptuous behavior,
in its presence . . . ." Article 11 immediately following
provides, "The senate shall have the same powers in the
like cases; and the governor and council shall have the
same authority to punish in like cases. Provided that no
imprisonment on the warrant or order of the governor,
council, senate, or house of representatives, for either of

the above described offences, be for a term exceeding thirty days. And the senate and house of representatives may try, and determine, all cases where their rights and privileges are concerned, and which, by the constitution, they have authority to try and determine, by committees of their own members, or in such other way as they may respectively think best."

In *Burnham* v. *Morrissey*, 14 Gray, 226, a situation was presented strikingly similar to that disclosed in the order now before us. In that case it was held that art. 10 quoted above authorized the House of Representatives to hold in contempt and to imprison a witness who, when before the house, wilfully and without lawful excuse refused to answer questions or to produce documents material or pertinent to a subject under investigation. The Senate has the same power. Even apart from any express constitutional provision, it is held here and in other jurisdictions that inasmuch as any legislative body, in order to carry out the objects of its existence, must have means of informing itself about subjects with which it may be called upon to deal, it has as an attribute of its legislative function power to summon witnesses and to compel them to attend and make disclosure of pertinent facts and documents. *Attorney General* v. *Brissenden*, 271 Mass. 172, 177–178, 185. *McGrain* v. *Daugherty*, 273 U. S. 135. *Sinclair* v. *United States*, 279 U. S. 263. *Jurney* v. *MacCracken*, 294 U. S. 125. *In re Battelle*, 207 Cal. 227. *Matter of the Joint Legislative Committee to Investigate the Educational System of the State of New York*, 285 N. Y. 1. See *Emery's Case*, 107 Mass. 172, 180; *Whitcomb's Case*, 120 Mass. 118, 122; *Thompson's Case*, 122 Mass. 428. For a useful discussion of the entire subject see "Constitutional Limitations on the Congressional Power of Investigation" by James M. Landis, 40 Harv. L. Rev. 153.

The recitals in the order transmitted to us show that the Blanchard report obtained by the Massachusetts development and industrial commission and dealing with a survey of industrial and other conditions in this Commonwealth might be expected to contain matter bearing upon the

extent of the burdens that could properly be placed upon
Massachusetts industry for employment security and upon
the tax burdens that could properly be placed upon Massa-
chusetts residents, and was therefore material and pertinent
to be examined by the Senate in connection with the bills
pending before the General Court; that DelMonte, being
before the Senate and sworn as a witness, and then having
in his possession all copies of the report, refused to produce
any of them; and that he was permitted to state in detail
his reasons for not producing a copy and expressly denied
"any claim of personal privilege or individual constitutional
right."

None of the reasons given by DelMonte for not producing
the report was valid. The attempt of the Senate to secure
such information as might be contained in the report was
not an interference with the executive department of the
government in violation of art. 30 of the Declaration of
Rights, relating to the separation of powers. See *Opinion
of the Justices*, 208 Mass. 610, 613. It was a permissible
exercise of an attribute pertaining to legislative power.
If the legislative department were to be shut off in the
manner proposed from access to the papers and records
of executive and administrative departments, boards, and
commissions, it could not properly perform its legislative
functions. We are not here dealing with any question of
diplomatic, military, or other secrets, involving the security
of the State, or with any instance where for other sufficient
reasons disclosure is forbidden by law. Neither art. 66 of
the Amendments to the Constitution, by which the execu-
tive and administrative work of the Commonwealth is to be
organized in not more than twenty departments under such
supervision and regulation as the General Court may from
time to time prescribe by law, nor G. L. (Ter. Ed.) c. 23,
§ 11D, as inserted by St. 1937, c. 427, and amended by
St. 1950, c. 652, which provides for an annual report by the
Massachusetts development and industrial commission
to the Governor and the General Court and such further
reports to the Governor and to the public as in its opinion

are necessary and advisable, whether the constitutional provision and the statute are taken separately or together, exempts this commission from furnishing information required by the Legislature or either branch thereof. The Senate did not ask the commission to make an additional report. The Legislature could not, even if it wished, deprive itself or either house of any of the general powers of investigation flowing from the provisions of the Constitution. DelMonte could have produced the report to the Senate without violating his oath of office. These conclusions are the irresistible result of the broad principles laid down in the cases hereinbefore cited.

On the facts submitted to us the Senate may find that DelMonte, having possession of a material document, which the Senate had a right to see, deliberately refused to produce it without valid excuse or justification. The Senate may therefore find that his refusal was contumacious and in contempt of the Senate.

To questions 1 and 2 and to each subdivision thereof we answer "No."

To questions 3 and 4 we answer "No."

To question 5 we answer "Yes," in the sense that the Senate may find that DelMonte's action rendered him amenable to punishment by the Senate under the authority of the provisions of the Constitution referred to in the question.

To questions 6 and 7 we answer "Yes."

By reason of illness, Mr. Justice Counihan has been prevented from participating in the consideration of these questions and answers.

> STANLEY E. QUA.
> HENRY T. LUMMUS.
> JAMES J. RONAN.
> RAYMOND S. WILKINS.
> JOHN V. SPALDING.
> HAROLD P. WILLIAMS.