## ANSWER OF THE JUSTICES TO THE COUNCIL.

*Constitutional Law,* Opinions of the Justices. *Supreme Judicial Court,* Opinions of the Justices.

The Justices declined to give their opinions to the Council on a question whether the appointment of an individual as a member of the licensing board for the city of Boston by the Governor requires the advice and consent of the Council, as set forth in c. 291, § 1 of the Acts of 1906, after the enactment of c. 740 of the Acts of 1964 repealing certain statutory powers of the Council, where the order setting forth the question stated only that "each of the three present members of the ... [board] is currently performing the important duties of his office by virtue of appointment made by the Governor ... without the advice and consent of the Governor's Council"; the circumstances in which the question was submitted did not constitute a "solemn occasion" under Part II, c. 3, art. 2, as amended by art. 85 of the Amendments to the Massachusetts Constitution. [868-872]

On August 24, 1977, the Justices submitted the following answer to a question propounded to them by the Council.

To the Honorable Council of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit this response to the question set forth in an order adopted by the Council on June 29, 1977, and submitted to us on July 1, 1977, in the following form:

"TO THE HONORABLE THE JUSTICES OF
THE SUPREME JUDICIAL COURT FOR THE
COMMONWEALTH OF MASSACHUSETTS

"WHEREAS, each of the three present members of the Licensing Board for the City of Boston is currently performing the important duties of his office by virtue of appointment made by the Governor of the Common-

wealth without the advice and consent of the Governor's Council, and

"WHEREAS, in accordance with Article LXXXV of the Amendments to the Constitution of the Commonwealth, the Governor's Council has the authority to require the opinions of the Justices of the Supreme Judicial Court upon important questions of law and upon solemn occasions, and

"WHEREAS, under Chapter 291, Section 1 of the Acts of 1906, an appointment as member of the Licensing Board for the City of Boston requires the advice and consent of the Governor's Council, and

"WHEREAS, Chapter 740 of the Acts of 1964 repealed certain statutory powers of the Governor's Council, and

"WHEREAS, it appears that the Licensing Board for the City of Boston is a 'city body' (see Dixie's Bar, Inc. v. Boston Licensing Board, 357 Mass. 699, 702) and is, in any event, an instrumentality or agency of a city and, therefore, not within the executive department of state or county government as defined in Chapter 740, Section 1 of the Acts of 1964, therefore be it

"ORDERED: That the opinion of the Justices of the Supreme Judicial Court be requested by the Governor's Council upon the following important question of law:

"Whether the appointment of an individual as a member of the Licensing Board for the City of Boston by the Governor of the Commonwealth requires the advice and consent of the Governor's Council, as set forth in Chapter 291, Section 1 of the Acts of 1906, since the subsequent enactment of Chapter 740 of the Acts of 1964 repealing certain statutory powers of the Governor's Council."

The Council's order makes reference to St. 1906, c. 291, § 1, which provides in part that "[t]he governor, with the advice and consent of the council, shall appoint from the two principal political parties three citizens of Boston . . .

who shall constitute a licensing board [board] for said city . . . ." It also provides that the term of each member of the board shall be for six years, with the term of one member expiring on the first Monday of June in each even numbered year. Thus since the enactment of St. 1964, c. 740 (approved by the people at the State election held on November 3, 1964, pursuant to the provisions of art. 48 of the Amendments to the Constitution, as amended by art. 74 of said Amendments), the term of a member of the licensing board of the city of Boston has expired, pursuant to St. 1906, c. 291, § 1, on the first Monday of June in each of the following years: 1966, 1968, 1970, 1972, 1974 and 1976.

The order of the Council does not state whether the Governor appointed a member of the board in each of those six years, but only that "each of the three present members of the . . . [board] is currently performing the important duties of his office by virtue of appointment made by the Governor . . . without the advice and consent of the Governor's Council." Neither does the order state that there is any pending or impending vacancy on the board, nor does it state that the Council has pending before it any matter or "question concerning which doubts existed as to its power and authority." *Answer of the Justices*, 217 Mass. 607, 612 (1914), quoting from *Answer of the Justices*, 148 Mass. 623, 626 (1889).

On an earlier occasion when the Council requested an opinion from the Justices of this court on the question whether "[w]hen the law calls for action 'by the Governor and Council,' is the Governor to concur with a majority of the Council in order to make its decisions effective, or is he to be considered a member of the deciding body, with one vote" we answered in part as follows: "The requirement of the Constitution is that the Justices of the Supreme Judicial Court give opinions to the Governor and Council 'upon important questions of law, and upon solemn occasions.' This provision has been construed to mean that such opinions may be required only respect-

ing pending matters in order that assistance may be gained in the performance of a present duty. *Opinions of the Justices*, 186 Mass. 603, 608 [1904]; 190 Mass. 611, 612 [1906]. It has been customary for the specific pending matter to be stated or referred to in the inquiry, to the end that a more intelligent and helpful answer be given than otherwise would be possible. It is apparent that the requirement for such opinions is to be somewhat sparingly exercised. This is obvious from the phrase of the Constitution as well as from the practice which has grown up under it. It is not as to any question of law that the requisition may be made, but only upon 'important questions of law.' The Legislature has made ample provision for the advice by the Attorney General as to usual legal difficulties presenting themselves either to the House of Representatives or to the Senate or to the Governor and Council. R. L. c. 7, § 8, as amended by St. 1908, c. 586. It is impossible to determine from your question whether the pending matter is of such a character that we ought to answer. *Opinions of the Justices*, 122 Mass. 600 [1877]; 148 Mass. 623 [1889]; 150 Mass. 598 [1890]; 208 Mass. 614 [1911]." *Answer of the Justices*, 211 Mass. 630, 631 (1912).

The duty of the Justices of this court with respect to rendering opinions to the legislative or executive department is both defined and limited by the following language of Part II, c. 3, art. 2, of the Constitution, as amended by art. 85 of the Articles of Amendment thereto:[1] "Each branch of the legislature, as well as the governor or the council, shall have authority to require the opinions of the justices of the supreme judicial court, upon important questions of law, and upon solemn occasions." We have frequently construed and commented on this constitutional duty and limitation in answers given by us to requests for such opinions.

---

[1] The Amendment, approved by the people on November 3, 1964, substituted the words "governor or the council" for the words "governor and council" formerly appearing therein.

In *Answer of the Justices*, 148 Mass. 623, 625-626 (1889), we said: "Such opinions can be required only 'upon important questions of law and upon solemn occasions.' Can it be held that this provision contemplates that the opinion of the Justices can be required by either branch of the Legislature, whenever its members have doubts as to the construction of an existing statute, and it would be convenient for them to know the true construction in order to determine whether it were wise to make any amendment of the statute? If such had been the intention of the framers of the Constitution, authority would have been given to require the opinion of the Justices upon any question of law. Such questions are constantly arising in the ordinary course of legislation, and they are provided for by the statute which directs the Attorney General, when required by either branch of the General Court, to attend during its sessions, and to 'give his opinion upon questions of law submitted to him by either branch of the General Court, or by the Governor and Council.' [*Opinion of the Justices*, 5 Met. 596, 597 (1844)]. By a solemn occasion the Constitution means some serious and unusual exigency. It has been held to be such an exigency when the Governor or either branch of the Legislature, having some action in view, has serious doubts as to their power and authority to take such action, under the Constitution, or under existing statutes."

Similarly, in *Answer of the Justices*, 217 Mass. 607, 611 (1914), we said: "A strong desire to respond to questions of the legislative and executive departments of government seeking a definition of their several powers ought not to lead us to be incautious in exceeding the limitations imposed on our own powers. It is always with a feeling of delicacy that this question is considered, but it is our manifest duty to consider it when the occasion demands it. Numerous instances have arisen where the Justices have not felt justified in giving opinions because beyond the power conferred by the Constitution. As was said in an *Opinion of the Justices*, 150 Mass. 598, at page 601 [1890]: 'It is not the less our duty, in view of the careful

separation of the executive, legislative, and judicial departments of the government, to abstain from doing so [giving opinions] in any case which does not fall within the constitutional clause relating thereto.' The same thought was expressed in *Opinion of the Justices,* 214 Mass. 602, 603 [1913], where it was said respecting the giving of advisory opinions by the Justices: 'The Constitution not only limits their duty but bounds their right to express opinions. By travelling outside these bounds injustice might be done to private litigants and to public interest.'" *Answer of the Justices,* 364 Mass. 838, 844 (1973). *Answer of the Justices,* 356 Mass. 769, 773-774 (1969). *Answer of the Justices,* 349 Mass. 802, 803 (1965). *Opinion of the Justices,* 314 Mass. 767, 770-772 (1943). *Answer of the Justices,* 290 Mass. 601, 602-604 (1935). See also *Opinion of the Justices,* 363 Mass. 889, 898 (1973) where we said: "Where private rights are involved, such as . . . in the circumstances presented to us, it would normally be inappropriate for us to give an opinion on a matter of statutory construction which could be brought to the court by the usual litigation process, initiated by the parties in interest."

For the foregoing reasons we conclude that the circumstances in which the question was submitted to us by the Council do not constitute one of the "solemn occasions" contemplated by the Massachusetts Constitution, Part II, c. 3, art. 2, as amended by art. 85 of the Articles of Amendment thereto. We therefore respectfully ask to be excused from answering the question.

The foregoing answer is submitted by the Chief Justice and the Associate Justices subscribing hereto on the twenty-fourth day of August, 1977.

EDWARD F. HENNESSEY
FRANCIS J. QUIRICO
ROBERT BRAUCHER
BENJAMIN KAPLAN
HERBERT P. WILKINS
PAUL J. LIACOS
RUTH I. ABRAMS