## OPINION OF THE JUSTICES TO THE GOVERNOR.

Whether under c. 3, art. 2 of the Constitution the Governor alone can require the opinions of the Justices in regard to a bill laid before him for his revisal under c. 1, § 1, art. 2 of the Constitution, here was referred to as a question left open for future consideration.

A statute, forbidding any person engaged in the production or distribution of a commodity in general use to discriminate in the price of such commodity between different parts of the Commonwealth or between different purchasers, either maliciously or for the purpose of destroying the business of a competitor and of creating a monopoly, and also prohibiting combinations for the purpose of destroying the business of any person engaged in selling commodities and of creating a monopoly, is within the police power of the Legislature, and, as it affects interstate commerce only indirectly, is not in violation of art. 1, § 8 of the Constitution of the United States.

In answer to a letter received from the Governor, containing the question described below, the Justices of the Supreme Judicial Court on May 27, 1912, returned the answer which is subjoined.

The question contained in the letter of the Governor was in regard to the constitutionality of House Bill No. 2247, entitled "An Act to prohibit discrimination in the sale of commodities," of which the first two sections were as follows:

SECTION 1. Any person, firm, association or corporation, foreign or domestic, doing business in the Commonwealth and engaged in the production, manufacture or distribution of any commodity in general use, that shall maliciously, or for the purpose of destroying the business of a competitor and of creating a monopoly in any locality, discriminate between different sections, communities, towns or cities of this Commonwealth or between purchasers by selling such commodity at a lower rate for such purpose in one section, community, town or city than is charged for such commodity by the vendor in another section, community, town, or city in the Commonwealth, after making due allowance for the difference, if any, in the grade or quality and in the cost of transportation shall be deemed guilty of unfair discrimination, which is hereby prohibited and declared unlawful.

SECTION 2. It shall be unlawful for any person, firm, association or corporation to combine with any other person, firm, association or corporation for the purpose of destroying the trade or business of any person, firm, association or corporation, engaged in selling goods or commodities and of creating a monopoly within this Commonwealth, and any such combination is hereby prohibited and declared unlawful.

To his Excellency,
   Eugene N. Foss,
      Governor of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court have received your letter requesting their opinion as to the constitutionality of House Bill No. 2247, which is now before you for revisal under c. 1, § 1, art. 2 of the Constitution.

There are grave doubts whether the Governor alone is empowered to require their opinion touching a matter arising in the performance of this duty of revisal. There has been no sufficient opportunity for all the Justices to investigate, consult and deliberate upon this point since the receipt of the letter of your Excellency.

We leave open for future consideration this question, and the answer now made is not to be taken as an expression of opinion upon it.

The bill relates to the subject of commerce. As no legislation of any State can have extra-territorial force, it is plain that this statute affects only sales made within the Commonwealth. It does not reach to transactions where the contract of sale is made without the Commonwealth, and the delivery only takes place to a purchaser within the Commonwealth. Its title is "An Act to prohibit discrimination in the sale of commodities." The first section appears to have two main purposes: First, it prohibits any person engaged in general business in the Commonwealth from maliciously discriminating, in prices of commodities sold, between different parts of the Commonwealth or between different purchasers; and second, it prohibits any discrimination in such prices for the purpose of destroying the business of a competitor and of creating a monopoly. The kind of discrimination which is prohibited by this section is the charging of a lower price for the sale of a commodity in one part of the Commonwealth than in another, after making allowance for the difference due to quality and cost of transportation. The second section prohibits combinations, for the purpose of destroying the business of any person engaged in selling commodities and of creating a monopoly.

There is no constitutional objection to a statute which prohibits an act done for the express purpose of annoying or injuring another and with actual malevolence, although the same act done with an innocent intent is lawful. *Rideout* v. *Knox*, 148 Mass. 368. *Morrison* v. *Lawrence*, 186 Mass. 456, 462.

A monopoly of any commodity in general use is illegal at common law. *Alger* v. *Thacher*, 19 Pick. 51, 54. It is not beyond the power of the Legislature to prohibit contracts or combinations which are designed and have a tendency to create a monopoly. This is in substance the effect of the first section of the federal anti-trust statute. *Standard Oil Co.* v. *United States*, 221 U. S. 1. It does not detract from the force of such a prohibition that the act tending toward monopoly must be combined with a design to destroy the business of a competitor or of some other person before constituting the conduct forbidden by the statute. Although the statute is in some respects a limitation upon freedom of contract,

yet we are of opinion that it does not go beyond the police power of the Legislature. *Shawnee Compress Co.* v. *Anderson,* 209 U. S. 423. *Waters-Pierce Oil Co.* v. *Texas,* (No. 1) 212 U. S. 86. *Hammond Packing Co.* v. *Arkansas,* 212 U. S. 322. *Southwestern Oil Co.* v. *Texas,* 217 U. S. 114. *Noble State Bank* v. *Haskell,* 219 U. S. 104. *Mutual Loan Co.* v. *Martell,* 222 U. S. 225.

The statute does not seem to be aimed at interstate commerce, although it may interfere to some extent with such commerce. If, however, it is a valid exercise of the police power, it is not fatal to its validity that its operation imposes some limitation upon the freedom of interstate commerce. It comes within the class of statutes which incidentally, but not primarily, affect interstate commerce, and hence are not forbidden by the commerce clause of the Constitution of the United States. *Commonwealth* v. *Peoples Express Co.* 201 Mass. 564, and cases cited at 578. In all of its constitutional aspects the statute is fairly covered by *Commonwealth* v. *Strauss,* 191 Mass. 545. See *Opinion of the Justices,* 193 Mass. 605, at 610.

The other sections of the act are framed for the purpose of making effective and enforcing the terms of §§ 1 and 2. We do not perceive, in the incomplete examination and analysis which the time at our disposal has enabled us to make, any provision not susceptible of a construction in harmony with the respective provisions of the Constitution of the Commonwealth and of the United States.

There has been no opportunity to consult with Mr. Justice Loring in answering this question.

<div style="text-align:right">

ARTHUR P. RUGG.
JAMES M. MORTON.
JOHN W. HAMMOND.
HENRY K. BRALEY.
HENRY N. SHELDON.
CHARLES A. DeCOURCY.