ANSWER OF THE JUSTICES TO THE GOVERNOR. .

The Justices of the Supreme Judicial Court have no right to give opinions as to the duties of the executive or the legislative department of the government of the Commonwealth in cases where their opinions are not required to be given by c. 3, art. 2 of the Constitution.

Under c. 3, art. 2 of the Constitution the Governor cannot require the opinions of the Justices of the Supreme Judicial Court in regard to a bill laid before him for his revisal under c. 1, § 1, art. 2 of the Constitution.

IN answer to a letter from the Governor received on June 7, 1913, the Justices of the Supreme Judicial Court on June 10, 1913, returned the answer which is subjoined.

To his Excellency,
    Eugene N. Foss,
        Governor of the Commonwealth:

The Justices of the Supreme Judicial Court have received your letter of June 7, 1913, in which you ask their opinion as to

the constitutionality of a bill which you say has been passed for engrossment by the Legislature, and is about to be laid before you for your revisal in accordance with the Constitution. We understand that the bill is now actually before you and we proceed to state the broad reasons which require us to decline to answer your question.

This question relates to the duty resting upon the Governor of the Commonwealth under the Constitution, c. 1, § 1, art. 2, to approve or veto bills or resolves of the Legislature. The trust thus reposed is personal. It is vested in the Governor alone. It cannot be delegated. He is not required to confer with the Council. While he may seek information or advice from the Council or from any other source, the final responsibility for approval or disapproval is wholly his.

The constitutional duty of the Justices of the Supreme Judicial Court is set forth in c. 3, art. 2, in these words: "Each branch of the Legislature, as well as the Governor and Council, shall have authority to require the opinions of the Justices . . . upon important questions of law, and upon solemn occasions."

The question presents itself whether these words require the Justices to give their opinion when asked by the Governor alone, without the concurrence of the Council. This is an important question which we feel obliged to determine, because the Justices are forbidden to go beyond the requirement of the Constitution. The Constitution not only limits their duty but bounds their right to express opinions. By travelling outside these bounds injustice might be done to private litigants and to public interests in an attempt by the Justices to give opinions without the benefit of argument as to the law and an opportunity to vindicate their views to those whose rights might be affected. See *Opinion of the Justices*, 122 Mass. 600. Opinions given under this provision of the Constitution are advisory in their character. They are not conclusive upon the rights of parties and are open to argument in any judicial proceeding regularly brought before the courts. But they presuppose such examination and consideration by the Justices as the limitations of time and other contemporaneous duties permit, and the formation of a deliberate conclusion, and hence are accorded weight by the public and the profession, as indicating what the law is. *Green* v. *Commonwealth*,

12 Allen, 155, 164. The Constitution expressly prohibits each of the three departments of government from intermeddling with either of the others. Declaration of Rights, art. 30. This applies as strongly to the judicial department as to either of the others. It acts as an inhibition upon the Justices giving opinions as to the duties of either the executive or legislative department except under the Constitution.

Although either branch of the legislative department of government is given plainly the right to ask an opinion of the Justices, a like form of words is not used in conferring the power upon the executive department of government. "The Governor and Council" is the phrase employed, and not the Governor or Council, or other language indicating a power to be exercised disjunctively. The expression aptly shows a power to be exercised conjointly. The construction of the sentence bears the same indication. "Each branch of the Legislature" (which relates to the legislative department of government and confers a separate right both upon the Senate and upon the House of Representatives acting alone), by the words "as well as," is set over against "the Governor and Council," which relate to the executive department of government, and where the language joins instead of separates the "supreme executive magistrate" and his constitutional advisers. This is confirmed by other articles of the Constitution, where the executive department is described, and the words "Governor and Council" are used. See for example c. 1, § 3, art. 11; Articles of Amendment 12, 13. The words "Governor or Council" do not occur in the Constitution. Nowhere in the Constitution are any duties conferred upon the Council, except such as they are to perform in conjunction with the Governor, either approving or disapproving his acts or joining with him as an executive board.

The circumstances under which the Constitution was framed confirm the view that it was not the intent of its makers to require the Justices to advise the Governor as to his duty of approving or disapproving bills and resolves of the Legislature. The territory of the State of Maine was then included in this Commonwealth. Three of the five Justices then constituting the court either lived in what is now Maine or recently had moved therefrom to places now in this Commonwealth. In any event, the

residences of the Justices were and were liable to continue to be widely separated. The performance of their official duties took them to distant parts of the State. In 1780 no means of communication or of transportation more rapid than the horse and sailing vessel were known. The Constitution then as now required the Governor to act upon bills or resolves of the Legislature within five days after presentation to him. Const. Mass. c. 1, § 1, art. 2. It is obvious that then there was only a remote chance that it ever would be physically possible for him to ask the opinion of the Justices within any such time as would enable him to profit by it. The inference is strong that no such thing was thought of or intended. The duties of the Governor and Council acting concurrently or together as an executive board in the performance of which an "important question of law" or a "solemn occasion" might arise, are not usually such as must be performed within so brief a time. Considering the Constitution as a whole, it seems clear that these three words, "Governor and Council," in this connection mean only the executive department as composed of both the Governor and the Council. Although sometimes it has been held in construing statutes or other writings that "or" may be substituted for "and" in order to effectuate a plain purpose, such interpretation is not commonly to be adopted respecting an instrument drafted with the care, exactness and accuracy in the use of language characteristic of our Constitution.

We know of only four instances where the Governor has asked the opinion of the Justices without the concurrent action of the Council. The first was in 1807, (3 Mass. 568;) where the question related to elections; the second was in 1853, (11 Cush. 604,) where the question was as to the transfer of a prisoner under capital sentence; the third was in 1912, (210 Mass. 609,) where it had to do with the pardoning power; and the fourth (211 Mass. 620) touched the constitutionality of a statute. In the first of these instances it appears, from papers on file in the office of the Secretary of the Commonwealth, that the opinion was requested by His Excellency, Governor Strong, for the purpose of determining whether a bill of the Legislature presented to him for executive action was constitutional. The opinion given by the Justices did not discuss the question whether it was within

their constitutional power to answer a question from the Governor without the concurrence of the Council, but by their answer without reference to it an inference may arise that they regarded it as their duty. In the next two instances the powers of the Governor, which were the subjects of inquiry, could be exercised by him only by and with the advice and consent of the Council. In the last instance the Justices expressed a doubt as to their duty to answer, and left the point open. In the last two cases where the present Justices have given their opinions upon the questions asked, there was not then time at their disposal to make the necessary investigation upon the point now discussed. We know of only a single occasion where the Council has undertaken without the Governor or the Lieutenant Governor to ask the opinion of the Justices and where for another reason the Justices declined to answer. 211 Mass. 630. In no decision or opinion has there been any discussion of the scope of this clause of the Constitution. Without determining how far any of these isolated instances may be regarded as precedents in the future, it is to be said that there is only one, and that occurring more than a century ago, where the Justices without reservation have given an opinion to the Governor, when requested by him alone without the advice and consent of the Council, concerning a duty which must be performed by the Governor alone. This was done without any explanation of the meaning of this clause of the Constitution.

There is thus the unbroken practice of more than a century of chief executive magistrates in not undertaking to require opinions of the Justices as to legislation awaiting their revisal under the Constitution. This practice, so long continued, is some evidence of what has been the accepted meaning of this clause of the Constitution by those charged with the performance of duty under it. It cannot be presumed that difficult constitutional questions have not confronted successive governors, as to which they well might have asked the opinions of the Justices, if the right had been supposed to exist. Indeed, this is manifest from the volumes of opinions of the Attorneys General of Massachusetts, which are replete with such opinions, and from State papers of Governors. See for example Sts. 1905, pp. 632, 633; 1906, pp. 882, 884.

The Justices have manifested no disposition to analyze nicely

or construe narrowly their duty under the Constitution to give opinions to the other departments of government. They always have interpreted broadly the duty imposed, as is necessary in the consideration of a great charter of government which contains only general principles. They have given opinions upon the requisition of the Governor and Council upon a great variety of subjects appertaining to the executive administration of government. But they cannot exceed the limitations of the Constitution. The mischiefs which would follow their failure to hold fast to the monuments established by the Constitution would be far greater than the benefits which might seem to follow from a stretching of its requirements in order to comply with a particular request.

For these reasons the Justices of the Supreme Judicial Court feel constrained respectfully to decline to answer the question.

ARTHUR P. RUGG.
JAMES M. MORTON.
JOHN W. HAMMOND.
WILLIAM CALEB LORING.
HENRY K. BRALEY.
HENRY N. SHELDON.
CHARLES A. DE COURCY.