# SUPPLEMENT

### ANSWER OF THE JUSTICES TO THE SENATE.

In general, the provisions of c. 3, art. 2 of the Constitution of the Commonwealth do not require the Justices to give an opinion to a succeeding legislative body in reply to a request propounded by a preceding legislative body.

The Justices, in a communication addressed in March, 1935, to the Senate then in office, declined to answer a question which related to a proposed statute entitled "An Act relative to the Use of Certain Public School Property by Religious Organizations," and which was set forth in an order adopted on June 27, 1934, by the Senate then in office and transmitted to the Justices on July 2, 1934, after prorogation of the General Court on June 30, 1934, that Senate not having been in session again thereafter and having gone out of existence on the first Wednesday of January, 1935.

On June 27, 1934, the Senate adopted the following order:

WHEREAS, There is pending in the Senate a bill printed as House number thirteen hundred and forty-seven, entitled "An Act relative to the Use of Certain Public School Property by Religious Organizations", a copy of which is herewith submitted; and

WHEREAS, Grave doubt exists as to the constitutionality of said bill if enacted into law; therefore be it

ORDERED, That the opinions of the Honorable the Justices of the Supreme Judicial Court be required by the Senate upon the following important question of law: —

May the school committee of a city or town, conformably to the provisions of the Constitution of the Commonwealth, authorize the use by religious organizations of public school property under the control of said committee upon payment of a reasonable compensation for such use?

The order was transmitted to the Justices on July 2, 1934, and on March 27, 1935, they returned the following answer:

To The Honorable the Senate of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully make answer to the question set forth in an order, adopted on June 27, 1934, and transmitted on July 2, 1934, after the prorogation of the General Court on June 30, 1934.

Since the ratification and adoption of art. 64 of the Amendments to the Constitution, the official life of the Senate by which the order was adopted came to an end on the first Wednesday of January, 1935. In the ordinary course of events the Senate of 1933–34 would not reassemble after its prorogation on June 30, 1934. It was not in fact called together again. Its legislative functions were not exercised after that date. *Opinion of the Justices*, 239 Mass. 603. The Constitution provides that the opinion of the Justices may be required "upon important questions of law, and upon solemn occasions." c. 3, art. 2. These words mean that the opinions can be required only when "such questions of law are necessary to be determined by the body making the inquiry, in the exercise of the legislative or executive power entrusted to it by the Constitution and laws of the Commonwealth." *Opinion of the Justices*, 126 Mass. 557, 566. "By a solemn occasion, the Constitution means some serious and unusual exigency. It has been held to be such an exigency when . . . either branch of the Legislature, having some action in view, has serious doubts as to their power and authority to take such action, under the Constitution, or under existing statutes." *Answer of the Justices*, 148 Mass. 623, 625, 626. It is clear that the Senate which passed the order, having gone out of existence without having been in session after the order was transmitted to the Justices, cannot exercise any legislative power respecting the inquiry.

There are instances where the Justices have returned opinions to the successor of the legislative body by which the order requesting the opinion was passed. Those instances, however, have usually been accompanied by some special circumstance respecting expectation and reason for answer. *Opinion of the Justices,* 126 Mass. 557; 7 Pick.

125, note; 9 Cush. 604; 289 Mass. 607. In those instances whether an opinion ought to be rendered because not relating to a pending matter appears not to have been considered or discussed. In *Opinion of the Justices*, 250 Mass. 591, 604, it was said that "The question whether an opinion can be required by one branch of the General Court for the use of its successor has not been considered. That question is left open and the answer now made is not to be taken as an expression of opinion on it."

It has been frequently pointed out that the Justices ought not to give opinions under this provision of the Constitution unless required to do so by its terms. *Opinion of the Justices*, 261 Mass. 556, 612, 613. *Answer of the Justices*, 214 Mass. 602; 217 Mass. 607. *Opinion of the Justices*, 269 Mass. 611, 618. It was said in *Opinion of the Justices*, 186 Mass. 603, 608, that the Justices "are always reluctant to give opinions upon legal questions of grave importance without the aid of arguments of counsel. It is our duty to do this when required under c. 3, art. 2 of the Constitution, but only so far as our opinion is desired as an aid in the performance of official duties in regard to a matter then pending." It has sometimes happened "that opinions have been required when the nature of the questions or the importance of the occasion has not been such as to justify the Justices in exercising the power conferred upon them by the clause of the Constitution under which the questions were put." *Opinion of the Justices*, 208 Mass. 614, 615. *Answer of the Justices*, 122 Mass. 600; 150 Mass. 598; 211 Mass. 630. *Opinion of the Justices*, 190 Mass. 611, 612. There is always present the desire on the part of the Justices to comply with the request for an opinion under this clause of the Constitution out of respect to the wishes of a co-ordinate department of government, but the duty of conformity to the meaning of this clause is a continuing one and cannot be avoided.

The question put in the order of June 27, 1934, could not be answered to the Honorable Senate by which it was adopted because not transmitted to us until after the General Court had been prorogued. There is now no necessity, opportunity or power for consideration by that legislative

body of the subject referred to in the order. The "solemn occasion" which gave rise to the order has ceased to exist. We think that in general the Constitution does not require the Justices to give an opinion to a succeeding legislative body in reply to a request propounded by a preceding legislative body. Whether some public emergency may require an exception to this principle need not now be considered. The present order plainly does not relate to a matter of that nature. It falls outside the terms of the Constitution. It does not concern the performance of legislative duties touching a pending matter. We are constrained to decline to answer the question embodied in the order.

This communication is respectfully addressed to the Honorable Senate whose members were elected in November, 1934, and whose terms of office began with the first Wednesday of January, 1935.

ARTHUR P. RUGG.
JOHN C. CROSBY.
EDWARD P. PIERCE.
FRED T. FIELD.
CHARLES H. DONAHUE.
HENRY T. LUMMUS.
STANLEY E. QUA.