ANSWER OF THE JUSTICES TO THE SENATE.

*Constitutional Law*, Opinions of the Justices. *Supreme Judicial Court*,
Opinions of the Justices.

By a communication addressed in September, 1970, after the prorogation
of the General Court that year, to the then Senate if it should convene
again, otherwise to the Senate to be elected in 1970, the Justices de-
clined to answer questions, as to the constitutionality of proposed legis-
lation permitting certain towns to hold their town meetings outside their
limits, propounded to the Justices by an order of the Senate adopted
before the prorogation but not transmitted to the Justices until after
the prorogation.

On September 23, 1970, the Justices submitted the follow-
ing reply to questions propounded to them by the Senate.

To the Honorable the Senate of the Commonwealth of
Massachusetts:

The undersigned Justices of the Supreme Judicial Court
respectfully submit this reply to the questions set forth
in an order adopted by the Senate on August 19, 1970, and
transmitted to us on September 21, 1970. The order re-
cites the pendency before the Senate, at its 1970 session,
of two bills, viz. a bill entitled "An Act authorizing the
town of Sherborn to hold town meetings at the Dover-
Sherborn regional school in Dover" (Senate No. 1229) and
a bill entitled "An Act authorizing the holding of town
meetings of the town of Pepperell in the North Middlesex
regional school building located on the line dividing the
towns of Pepperell and Townsend" (House, No. 6088).
A copy of each bill is submitted with the order, which re-
cites also that the enactment of each bill has, in accordance
with art. 89 of the Amendments to the Constitution of the
Commonwealth, been requested by the town of Sherborn

and the town of Pepperell, respectively; that the next
annual town meeting of the town of Sherborn is scheduled
to be held in February, 1971; and that identical bills, not
yet numbered, have been filed in the Senate for considera-
tion by the next General Court.

The content of each bill is generally reflected in its title.
Section 1 of Senate No. 1229 reads: "The town of Sherborn
may hold town meetings or any adjournments thereof at
the Dover-Sherborn Regional School within the town of
Dover, provided that any meeting for the election by official
ballot of federal, state, county or other officials shall be
held within the town of Sherborn." Section 1 of House
No. 6088 reads: "Notwithstanding the provisions of any
law to the contrary, the town of Pepperell, with the approval
of the North Middlesex Regional School District Com-
mittee, is hereby authorized to hold its regular and special
town meetings in the North Middlesex Regional school
building which is on the town line dividing the towns of
Pepperell and Townsend." Each bill in § 2 provides that
it "shall take effect upon its passage."

The order refers to art. 29 of the Amendments to the
Constitution of the Commonwealth. That article provides:
"The general court shall have full power and authority to
provide for the inhabitants of the towns in this Common-
wealth more than one place of public meeting within the
limits of each town for the election of officers under the
Constitution, and to prescribe the manner of calling, holding
and conducting such meetings. All the provisions of the
existing Constitution inconsistent with the provisions
herein contained are hereby annulled."

The order then recites (1) that opinions by former At-
torneys General of the Commonwealth have indicated that
such legislation would be unconstitutional (see Rep. A. G.,
Pub. Doc. No. 12, 1962, p. 27, and Rep. A. G., Pub. Doc.
No. 12, 1968, p. 160); (2) that the town of Sherborn is
within the Dover-Sherborn regional school district; (3)
that the town of Pepperell is within the North Middlesex
regional school district; and (4) that grave doubt exists

as to the constitutionality of said bills if enacted into law. The questions are:

"1. Would an act permitting the town of Sherborn to hold the deliberative sessions of its town meetings outside the town limits but within the regional school district of which Sherborn is a member violate the provisions of Article XXIX of the Amendments to the Constitution, or be inconsistent with the town meeting form of government as contemplated by the Constitution?

"2. Would an act permitting the town of Pepperell to hold its regular and special town meetings outside the town limits but within the regional school district of which Pepperell is a member violate the provisions of Article XXIX of the Amendments to the Constitution, or be inconsistent with the town meeting form of government as contemplated by the Constitution?"

The 1970 regular session of the General Court was prorogued on August 25, 1970. The members of the next General Court will be chosen at the election to be held on November 3, 1970, and will assemble for the 1971 session on January 6, 1971. Because the order of the Honorable Senate was not transmitted to us until September 21, 1970, the questions put in that order could not be answered before "the General Court had been prorogued. There is now no . . . opportunity . . . for consideration by that legislative body of the subject referred to in the order." The question thus is presented whether the "'solemn occasion' which gave rise to the order has ceased to exist." See *Answer of the Justices*, 290 Mass. 601, 603–604.

The Justices are authorized to give advisory opinions by Part II, c. 3, art. 2, of the Constitution of the Commonwealth, as supplanted by art. 85 of the Amendments which now reads: "Each branch of the legislature, as well as the governor or the council, shall have authority to require the opinions of the justices of the supreme judicial court, upon important questions of law, and upon solemn occasions."

This is a limitation of jurisdiction which has been strictly construed by the Justices. *Answer of the Justices*, 349 Mass. 802, 803. See *Answer of the Justices*, 356 Mass. 769, 773–774. The Constitution not only defines the extent of the duty of the Justices to furnish advisory opinions but also limits "their right to express opinions." See *Answer of the Justices*, 214 Mass. 602, 603.

We are aware that in 1925, see *Opinion of the Justices*, 250 Mass. 591, 604, an opinion was given with respect to a question "received too late for answer before the adjournment of the Honorable House of Representatives." It was "prepared and . . . transmitted before the assembling of the new House . . . whose members were elected at the November election of 1924." The Justices, however, pointed out that they had not considered "whether an opinion can be required by one branch of the General Court for the use of its successor." That question was expressly "left open."

When the question again arose in 1934, see *Answer of the Justices*, 290 Mass. 601, 603–604, the Justices concluded "that in general the Constitution does not require the Justices to give an opinion to a succeeding legislative body in reply to a request propounded by a preceding legislative body." The Justices, as with respect to the now pending questions, had before them an order of the Honorable Senate, adopted during its annual session, which was not transmitted to the Justices "until after the General Court had been prorogued." They felt "constrained to decline to answer the question." In so declining they said, "Whether some public emergency may require an exception to this principle [that the Constitution requires no answer in such circumstances] need not now be considered. The present order plainly does not relate to a matter of that nature. It falls outside the terms of the Constitution. It does not concern the performance of legislative duties touching a pending matter."

The presently pending questions, in our opinion, are governed by the views thus expressed in 1934 by our predecessors. We adopt their opinion and statements, as quoted

above, with respect to the present questions. These questions may present important matters of law concerning which one or the other house of the 1971 Legislature may wish advice. If this be the case, a new order may be adopted. In any event, the subject matter of the present questions does not appear to us to relate to any public emergency requiring immediate action. Thus we also need not consider whether any exception may exist to the general principle already discussed.

This communication is respectfully addressed to the present Honorable Senate if it convenes again, and, if that does not happen, then to the Honorable Senate whose members will be elected in November, 1970, and whose terms of office will begin with the first Wednesday of January, 1971.

> JOHN V. SPALDING.
> R. AMMI CUTTER.
> PAUL G. KIRK.
> JACOB J. SPIEGEL.
> PAUL C. REARDON.
> FRANCIS J. QUIRICO.