ANSWER OF THE JUSTICES TO THE HOUSE OF
REPRESENTATIVES.

*Constitutional Law,* Opinions of the Justices. *Supreme Judicial Court,*
Opinions of the Justices.

By a communication addressed in December, 1971, after the
prorogation of the General Court that year, to the House of
Representatives when it should assemble in January, 1972, for its
second regular session, the Justices declined to answer questions,
as to the constitutionality of proposed legislation "regulating the
publication of political advertisements by newspapers or other
periodicals," which had been propounded to the Justices by an
order adopted by the House and transmitted to the Justices before
the prorogation but which the Justices had not been able to answer
before it. [905–906]

On December 8, 1971, the Justices submitted the following
reply to questions propounded to them by the House of
Representatives.

To the Honorable the House of Representatives of the
Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully
submit this reply to the questions set forth in an order
adopted by the House of Representatives on August 30,
1971, and transmitted to us on September 9, 1971. The
order recites the pendency before the General Court of a
bill, Senate No. 1451, a copy of which was transmitted with
the order. The bill is entitled, "An Act further regulating
the publication of political advertisements by newspapers
or other periodicals." The order requests the opinion of the
Justices on the questions whether the bill, if enacted, would
violate the First Amendment to the United States Con-
stitution and art. 16 of the Declaration of Rights of the
Massachusetts Constitution, and whether it would con-
stitute interference with or prior restraint on the freedom
of the press.

Subsequent to the adoption by the House of Representatives of the order setting forth these questions, the House Ways and Means Committee on November 10, 1971, reported favorably and referred to the Joint Rules Committee an order, House No. 6454, "Relative to increasing the scope of the study [by the Ways and Means Committee] of the finances of the Commonwealth by including therein the subject matter of certain Senate and House documents." Among these documents was Senate Bill No. 1451. Inasmuch as the Governor prorogued the 1971 session of the General Court later on the same day, and before that time the Joint Rules Committee made no report on House No. 6454, it is apparent that Senate Bill No. 1451 is no longer a bill pending before the General Court. The members of the General Court will not assemble for the 1972 session until January 5, 1972.

The order of the House of Representatives with respect to Senate Bill No. 1451 propounded questions bearing upon a fundamental right under our State and Federal Constitutions. We felt that the questions were sufficiently important and difficult to require that we afford an opportunity to interested persons to file briefs. In particular, the effect of the bill on news media presented a serious issue as the questions themselves indicate. Upon consideration of the questions after briefs were filed,[1] we found ourselves unable in the press of other judicial business to give our answers before the Governor prorogued the General Court. Since "[t]here is now no . . . opportunity . . . for consideration by that legislative body of the subject referred to in the order,' the question is presented whether the "'solemn occasion' which gave rise to the order has ceased to exist." *Answer of the Justices*, 290 Mass. 601, 603–604.

As we indicated in *Answer of the Justices*, 358 Mass. 833, 835–836, in giving advisory opinions, the Justices must abide by "Part II, c. 3, art. 2, of the Constitution of the

---

[1] The Massachusetts Newspaper Information Service, and the Americans for Democratic Action together with the Civil Liberties Union of Massachusetts, filed briefs to assist the Justices in their consideration of the questions.

Commonwealth, as supplanted by art. 85 of the Amendments which now reads: 'Each branch of the legislature, as well as the governor or the council, shall have authority to require the opinions of the justices of the supreme judicial court, upon important questions of law, and upon solemn occasions.' This is a limitation of jurisdiction which has been strictly construed by the Justices. *Answer of the Justices*, 349 Mass. 802, 803. See *Answer of the Justices*, 356 Mass. 769, 773–774. The Constitution not only defines the extent of the duty of the Justices to furnish advisory opinions but also limits 'their right to express opinions.' See *Answer of the Justices*, 214 Mass. 602, 603.''

In 1970, and also in 1934, the question arose whether the Constitution requires the Justices "to give an opinion to a succeeding legislative body in reply to a request propounded by a preceding legislative body." See *Answer of the Justices*, 358 Mass. 833, 835–836, and *Answer of the Justices*, 290 Mass. 601, 604. On both occasions, the Justices declined to answer the questions propounded. *Answer of the Justices*, 358 Mass. 833, 836–837. *Answer of the Justices*, 290 Mass. 601, 604. The Justices in 1934, in declining to give an answer, said: "Whether some public emergency may require an exception to this principle [that the Constitution requires no answer in such circumstances] need not now be considered. The present order plainly does not relate to a matter of that nature. It falls outside the terms of the Constitution. It does not concern the performance of legislative duties touching a pending matter." *Ibid.*

We adhere to the doctrine which our predecessors expressed in 1934, and we believe that it governs us in the circumstances of the questions presently addressed to the Justices. For the reason that Senate Bill No. 1451 ceased to be a pending bill when the General Court was prorogued, we conclude, in the absence of any public emergency, that a "solemn occasion" no longer exists which would authorize the Justices to express their opinion as to an important question of law. We feel constrained therefore to decline to answer the questions contained in the present order. The

questions may present such important matters of law that one or the other house may wish advice during the 1972 session. If this be the case a new order may be adopted. See *Answer of the Justices*, 358 Mass. 833, 837.

This communication is respectfully addressed to the present Honorable House of Representatives when it assembles in January, 1972, for its second regular session.

> G. JOSEPH TAURO.
> R. AMMI CUTTER.
> JACOB J. SPIEGEL.
> PAUL C. REARDON.
> FRANCIS J. QUIRICO.
> ROBERT BRAUCHER.
> EDWARD F. HENNESSEY.