ANSWER OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

*Constitutional Law,* Opinions of the Justices.    *Supreme Judicial Court,* Opinions of the Justices.

The Justices did not believe a request by the House of Representatives for answers to questions pertaining to a pending bill, entitled "An Act limiting the amount corporations can contribute to influence ballot questions," which would substantially amend G. L. c. 55, §§ 6, 7, and 8, and add a new § 8A, presented a proper instance in which to render advice due to the pendency of the issue of the constitutional validity of the underlying restriction on corporate contributions in c. 55, § 8, before the Supreme Court of the United States in the case of *First Nat'l Bank* v. *Attorney Gen.,* 371 Mass. 773 (1977), in which the Supreme Judicial Court considered issues similar to issues raised by the pending bill. [903]

On August 31, 1977, the Justices submitted the following answer to questions propounded to them by the House of Representatives.

To the Honorable the House of Representatives of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit this response to the questions set forth in an order adopted by the House on June 14, 1977, and transmitted to us on June 24, 1977.

The order recites that there is pending before the General Court, a bill, House No. 6208 entitled: "An Act limiting the amount corporations can contribute to influence ballot questions," a copy of which was attached to the order.

The substance of the bill would substantially amend the

scheme of laws regulating campaign contributions and expenditures by corporations for the purpose of influencing the outcome of ballot referenda and in particular would amend G. L. c. 55, §§ 6, 7, and 8, and add a new § 8A.

The questions propounded by the House are:

"1. Would the enactment of section one of said bill which would prohibit committees promoting or opposing initiative or referendum questions from receiving more than one thousand dollars in contributions from any corporation[1] violate the First Amendment of the U.S. Constitution or Article 16 of Part 1 of the Massachusetts Constitution?

"2. Would the enactment of section two of said bill which would limit the number of committees promoting or opposing initiative or referendum questions to one committee for the proponents and one for the opponents[2] violate the First Amendment of the U.S. Constitution or any other provision which would guarantee the right to associate?

"3. Would the enactment of section three of said bill which would limit corporations to contributions of one thousand dollars in the aggregate for each question materially affecting such corporation,[3] violate the First Amendment of the U.S. Constitution or Articles 9 and 16 of Part 1 of the Massachusetts Constitution?

"4. Would the enactment of said section three of said bill which would prohibit corporations from expending more than one thousand dollars in the aggregate for the purpose of influencing the vote on any question which materially affects the corporation[4] violate the First Amendment of the U.S. Constitution or Articles 9 and 16 of Part 1 of the Massachusetts Constitution?

"5. Would the enactment of said section three of said

---

[1] To amend G. L. c. 55, § 6, as appearing in St. 1975, c. 774, § 2.

[2] To amend G. L. c. 55, § 7, as appearing in St. 1975, c. 151, § 1.

[3] To amend G. L. c. 55, § 8, as appearing in St. 1975, c. 151, § 1.

[4] To amend G. L. c. 55, § 8.

bill which would prohibit persons or political commit-
tees promoting or opposing referendum questions from
soliciting or receiving contributions from persons, politi-
cal committees, or corporations located outside the
Commonwealth[5] violate the First Amendment of the
U.S. Constitution or Article 16 of Part 1 of the Massa-
chusetts Constitution?

"6. Would the enactment of section four of said bill
which would prohibit private corporations carrying on
the business of a telegraph, telephone, gas, electric,
light, heat, power or water company from including in
their billing process information or advertising materials
aiding or defeating the nomination or election of any
person, promoting or antagonizing the interest of any
political party or from influencing the vote on a ques-
tion submitted to all voters of the Commonwealth[6] vio-
late the provisions of the First Amendment of the U.S.
Constitution or Article 16 of Part 1 of the Massachu-
setts Constitution?"

On June 24, 1977, this court issued an announcement
that briefs concerning the issues raised by the six ques-
tions would be received up to and including July 15, 1977.
In that order the court invited parties filing briefs to "ad-
dress the issue whether a solemn occasion exists requiring
the [J]ustices to render their opinion in response to the
questions." Of the four briefs received by the court, two
considered that issue. One, filed on behalf of the Attorney
General, urged that no such occasion exists, the other, filed
on behalf of Common Cause of Massachusetts, urged
the contrary position.[7]

The right of the Legislature, Governor, or Council to
require the opinions of the Justices is set forth and limited

---

[5] To amend G. L. c. 55, § 8.

[6] Inserting G. L. c. 55, § 8A.

[7] Other briefs were filed by Associated Industries of Massachusetts,
Inc., and jointly by New England Legal Foundation and the New Eng-
land Council for Economic Development.

in the Massachusetts Constitution by Part II, c. 3, art. 2, as amended by art. 85 of the Amendments, which states: "Each branch of the legislature, as well as the governor or the council, shall have authority to require the opinions of the justices of the supreme judicial court, upon important questions of law, and upon solemn occasions."

The provision of our Constitution under which this opinion of the Justices has been requested not only defines the extent of the duty to render advisory opinions, but also limits the right of the Justices to do so. *Answer of the Justices,* 362 Mass. 914 (1973). The duty to render advisory opinions, however, does not allow us to disregard consideration of the separation of powers doctrine embodied in art. 30 of the Declaration of Rights and thus "it is not the less our duty, in view of the careful separation of the executive, legislative, and judicial departments of the government, to abstain from ... [giving our opinion] in any case which does not fall within the constitutional clause relating thereto." *Answer of the Justices,* 150 Mass. 598, 601 (1890). Irrespective of the import of a particular question presented, see, e.g., *Answer of the Justices,* 371 Mass. 902 (1976) (death penalty), we ordinarily confine the rendering of such opinions only to solemn occasions.

Where there has been no duty imminently confronting the body requesting the advisory opinion, *Answer of the Justices,* 349 Mass. 802 (1965); where legislation was no longer pending, *Opinion of the Justices,* 337 Mass. 777 (1958), or where the Legislature has been prorogued, *Answer of the Justices,* 360 Mass. 903 (1971), we have said that it was not within our province or our power to render such advice. This limitation on our right to render advisory opinions is consistent with the purpose behind the constitutional provision, which is to enable the Justices to give such advice to the Legislature, the Governor, and the Council as would be necessary to enable these departments to perform their duties in a manner consistent with our Constitution. *Opinion of the Justices,* 190 Mass. 611 (1906). Thus, where this purpose cannot be readily effectuated by the rendering of an advisory opinion, we have

said that a solemn occasion does not exist. *Answer of the Justices*, 290 Mass. 601 (1934).

The subject matter of this request (House Bill No. 6208) would, as noted, make substantial changes in the statutes regarding corporate financial participation in attempts to influence the outcome of ballot referenda. We have had occasion to consider similiar issues recently in the case of *First Nat'l Bank* v. *Attorney Gen.*, 371 Mass. 773 (1977). In that case the plaintiffs challenged the constitutionality of G. L. c. 55, § 8, as appearing in St. 1975, c. 151, § 1, which limited corporate spending to those referendum questions "materially affecting any of the property, business or assets of the corporation," and which also provided that: "No question submitted to the voters solely concerning the taxation of the income, property or transactions of individuals shall be deemed materially to affect the property, business or assets of the corporation." In *First Nat'l Bank,* at 785, we held that "only when a general political issue materially affects a corporation's business, property or assets may that corporation claim First Amendment protection for its speech or other activities entitling it to communicate its position on that issue to the general public." We held further that the plaintiffs had not succeeded in proving the lack of a rational basis concerning the statutory proviso relating to corporate spending on issues solely concerning individual taxation. *Id.* at 786.

After we issued the opinion in *First Nat'l Bank* v. *Attorney Gen., supra,* the plaintiffs sought review in the Supreme Court of the United States. That Court set the case down for consideration on its merits, but postponed the determination of probable jurisdiction until the hearing of the case on its merits. 430 U.S. 964 (1977).

While the questions propounded by the House do not directly concern our holding in *First Nat'l Bank,* the entire statutory scheme on which the further limitations imposed by the proposed legislation are engrafted is dependent for its validity on the constitutional validity of the basic limitation contained in the current G. L. c. 55, § 8, and continued in § 3 of the proposed bill. While any of the

limitations contained in the proposed bill may have their validity or invalidity adjudged in the abstract, in terms of advising the House as to the over-all validity of the proposed legislation the two matters cannot be separated.

The question before the Supreme Court concerning the validity of G. L. c. 55, § 8, is an issue of first impression and one of considerable difficulty. In similar circumstances, where it was uncertain whether a statute would be held valid by the Supreme Court, we have asked to be excused from rendering an advisory opinion. We have said that it is a question of policy for the General Court whether to adhere to proposed legislation and run the risk of a declaration of invalidity from the highest judicial tribunal. *Opinion of the Justices,* 353 Mass. 790, 797 (1967). See *Opinions of the Justices,* 357 Mass. 787, 797 (1970).

Since we cannot give an informed opinion as to the validity of the underlying restriction beyond that which we have rendered in *First Nat'l Bank, supra,* due to the pendency of the issue before the Supreme Court, we do not believe that the present request presents a proper instance in which to render our advice. The rendering of a further opinion at this time will not allow the ready effectuation of the underlying purpose of the request, which is to enable the Legislature to perform its function in conformity with constitutional requirements. Our advice would be at best tentative and dependent on factors over which we have little control.

For all these reasons, we request, therefore, to be excused from answering the questions.

The foregoing answer is submitted by the Chief Justice and the Associate Justices, subscribing hereto on the thirty-first day of August, 1977.

EDWARD F. HENNESSEY
FRANCIS J. QUIRICO
ROBERT BRAUCHER
BENJAMIN KAPLAN
HERBERT P. WILKINS
PAUL J. LIACOS
RUTH I. ABRAMS