ANSWER OF THE JUSTICES TO THE SENATE.

*Constitutional Law*, Opinions of the Justices. *Supreme Judicial Court*, Opinions of the Justices. *Governor. General Court.*

Where the Senate sought the Justices' opinion as to the effect that certain proposed legislation would have on the general appropriation act for fiscal year 1990, as that act should properly be construed in light of the Governor's purported veto of certain line items and his purported return of a certain section for amendment, the questions propounded to the Justices did not present them with a "solemn occasion" within the confines of the constitutional power permitting an advisory opinion. [1224-1226]

On December 4, 1989, the Justices submitted the following answer to questions propounded to them by the Senate.

To The Honorable the Senate of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit the following response to the questions set forth in an order adopted by the Senate on August 31, 1989, and transmitted to us on September 12, 1989.

The order states that there is pending before the General Court a bill, Senate No. 2004, entitled, "An Act amending certain provisions of the General Appropriation Act for the fiscal year ending June thirtieth, nineteen hundred and ninety." The order further recites:

"Whereas, There is pending before the General Court a bill printed as Senate No. 2004 entitled "An Act amending certain provisions of the General Appropriation Act for fiscal year ending June thirtieth, nineteen hundred and ninety," a copy of which is submitted herewith; and

"Whereas, Senate No. 2004, in sections one through seven, inclusive, would, if enacted into law, amend certain provi-

sions of chapter two hundred and forty of the acts of nineteen hundred and eighty-nine as they were passed to be enacted by the General Court; and

"Whereas, The Governor of the Commonwealth has purported to veto under the authority of section five of Article sixty-three of the Amendments to the Constitution by disapproval or reduction of words the provisions of section two of said chapter two hundred and forty which would be affected by section[s] one through six of said Senate No. 2004, a copy of the Governor's message is submitted herewith; and

"Whereas, Each provision so vetoed contained restrictive words imposing conditions on the expenditure of appropriated funds; and

"Whereas, Grave doubt exists as to whether the Governor has properly vetoed said provisions contained in said section two of chapter two hundred and forty of the acts of nineteen hundred and eighty-nine as enacted by the General Court in compliance with section five of Article sixty-three of the Amendments to the Constitution; and

"Whereas, the Governor of the Commonwealth has purported to exercise powers under the provisions of Article fifty-six of the Amendments to the Constitution by returning with an amendment section eighty-six of said chapter two hundred and forty which section would be affected by section seven of said Senate No. 2004, a copy of the Governor's message is submitted herewith; and

"Whereas, Grave doubt exists as to whether the Governor in an appropriation bill has the authority pursuant to Article fifty-six of the Amendments to the Constitution to return to the General Court for amendment a section or sections of the bill without returning the entire bill; and

"Whereas, Grave doubt exists as to the legal status of the provisions of said chapter two hundred and forty which would be affected by said Senate No. 2004 and therefore grave doubt exists as to the authority of the General Court to amend said provisions in the form proposed by said Senate No. 2004; now therefore be it

"Ordered, That the opinion of the Honorable Justices of the Supreme Judicial Court be required by the Senate on the following important questions of law:

"1. Would section one of Senate No. 2004, if enacted into law, amend the provisions of item 0330-2000 as enacted by the General Court in section two of chapter two hundred and forty of the acts of nineteen hundred and eighty-nine in light of the purported veto by the Governor?

"2. Would section two of Senate No. 2004, if enacted into law, amend the provisions of item 0330-2200 as enacted by the General Court in section two of chapter two hundred and forty of the acts of nineteen hundred and eighty-nine in light of the purported veto by the Governor?

"3. Would section three of Senate No. 2004, if enacted into law, amend the provisions of item 0612-1010 as enacted by the General Court in section two of chapter two hundred and forty of the acts of nineteen hundred and eighty-nine in light of the purported veto by the Governor?

"4. Would section four of Senate No. 2004, if enacted into law, amend the provisions of item 1107-2400 as enacted by the General Court in section two of chapter two hundred and forty of the acts of nineteen hundred and eighty-nine in light of the purported veto by the Governor?

"5. Would section five of Senate No. 2004, if enacted into law, amend the provisions of item 4403-2000 as enacted by the General Court in section two of chapter two hundred and forty of the acts of nineteen hundred and eighty-nine in light of the purported veto by the Governor?

"6. Would section six of Senate No. 2004, if enacted into law, amend the provisions of item 7100-0102 as enacted by the General Court in section two of chapter two hundred and forty of the acts of nineteen hundred

and eighty-nine in light of the purported veto by the Governor?

"7. Would section seven of Senate No. 2004, if enacted into law, amend section eighty-six of chapter two hundred and forty of the acts of nineteen hundred and eighty-nine in light of the Governor's purported return under the provisions of Article fifty-six of the Amendments to the Constitution of a section of an appropriation bill without returning the entire bill?"

From the order and the papers submitted therewith, the following facts appear: On June 30, 1989, the Legislature enacted St. 1989, c. 240, entitled "An Act making appropriations for the fiscal year nineteen hundred and ninety for the maintenance of the departments, boards, commissions, institutions and certain activities of the commonwealth, for interest, sinking fund and serial bond requirements and for certain permanent improvements." This enactment is the general appropriation bill for the fiscal year 1990. See art. 63, § 3, of the Amendments to the Massachusetts Constitution. On July 13, 1989, the Governor purported to disapprove a number of items in the bill, disapprove others in part, approve other items, and purported to return several sections of the bill for amendment.

Pending before the General Court now is a different bill, numbered as Senate No. 2004, entitled "An Act amending certain provisions of the general appropriation act for the fiscal year ending June thirtieth, nineteen hundred and ninety." If enacted into law, Senate No. 2004 would amend certain provisions in the general appropriation act, St. 1989, c. 240, as it was enacted by the Legislature. It appears, however, that several of the items of the general appropriation act that the Governor purported to disapprove are parts of the same items that Senate No. 2004 would amend. In addition, § 86 of the general appropriation act, which Senate No. 2004 would also amend, was one of the sections returned by the Governor pursuant to art. 56 of the Amendments. The Sen-

ate asks whether Senate No. 2004 can amend the general appropriation act in light of the Governor's actions.[1]

The Massachusetts Constitution, Part II, c. 3, art. 2, as amended by art. 85 of the Amendments, provides that "[e]ach branch of the legislature, as well as the governor or the council, shall have the authority to require the opinions of the justices of the supreme judicial court, upon important questions of law, and upon solemn occasions." This provision of our Constitution defines the extent of the Justices' authority to render advisory opinions. *Answer of the Justices*, 373 Mass. 898, 901 (1977). When a question is posed which does not present a situation within the confines of Part II, c. 3, art. 2, the Justices have no duty, and indeed no right, to render an advisory opinion. "[I]t is not the less our duty, in view of the careful separation of the executive, legislative, and judicial departments of the government, to abstain from . . . [giving our opinion] in any case which does not fall within the constitutional clause relating thereto.' " *Id.*, quoting *Answer of the Justices*, 150 Mass. 598, 601 (1890).

The undersigned Justices conclude that this is not a situation within the confines of the constitutional provision permitting an advisory opinion. A "solemn occasion" arises when the answers to certain "questions of law are necessary to be determined by the body making the inquiry, in the exercise of the legislative or executive power entrusted to it by the Constitution and laws of the Commonwealth." *Opinion of the Justices*, 126 Mass. 557, 566 (1878). In *Answer of the Justices*, 148 Mass. 623, 626 (1889), it was said that "[m]any opinions of the Justices have been required and given in cases where the branch of the government requiring the opinion had pending before it some question concerning which doubts existed as to its power and authority, or as to the power of some subordinate officer under the Constitution, or under existing statutes, and where the settlement of such

---

[1]The court invited interested parties to file briefs by October 30, 1989. Briefs were received from the Governor and the Massachusetts Bar Association.

doubt was necessary to enable it, in the exercise of its proper functions, to act legally and intelligently upon the pending question."

The pending matter in this case is Senate No. 2004. As we interpret the questions transmitted to us, however, the Senate is not asking whether it has the power to pass a bill which would amend a prior law. So long as such an amendment would not otherwise violate any provisions of the Constitution, the Legislature's *power* to amend prior legislation cannot be seriously doubted. As we construe the questions transmitted to us, the Senate is seeking our opinion on the effect Senate No. 2004 would have on the general appropriation act. That inquiry, in turn, would require us —and this is the crux of the matter —to construe the general appropriation act in light of the Governor's actions. No matter what construction we might give to the general appropriation act, or how we might think Senate No. 2004 would affect that act, our opinion would not affect the Legislature's *power* to amend the general appropriation act in the manner proposed. In such a situation, there is no solemn occasion. *Answer of the Justices*, 375 Mass. 790, 793 (1978) ("whatever interpretation we might give would not affect the Legislature's power to amend or clarify the statute, giving it whatever interpretation the General Court might desire").

There is no constitutional limitation on the general power of the Legislature to amend a prior enactment making appropriations. The Legislature's desire to obtain an advisory opinion on the effect of Senate No. 2004, even in light of a prior exercise of constitutional power by the Governor, does not present a solemn occasion within the meaning of Pt. II, c. 3, art. 2, of the Massachusetts Constitution.

If the Senate had before it the question whether to pass a bill seeking to restore a provision in the appropriations act to its status prior to a Governor's purported veto of it, the occasion would be a solemn one. That would be so because, if the Senate were in doubt as to whether the Governor's purported veto was ineffective, it would need to know the answer to the doubtful question in order to determine whether it needed to

act on the pending bill. Senate No. 2004 does not seek, however, to restore either language the Governor vetoed or funds he reduced. Instead it proposes to insert new language.

For all these reasons, we request, therefore, to be excused from answering the questions.

The foregoing answer is submitted by the Chief Justice and the Associate Justices subscribing hereto on the fourth day of December, 1989.

PAUL J. LIACOS
HERBERT P. WILKINS
RUTH I. ABRAMS
JOSEPH R. NOLAN
NEIL L. LYNCH
FRANCIS P. O'CONNOR
JOHN M. GREANEY